## 29587. SPENCE v. THE STATE.

NICHOLS, Chief Justice.

David Omer Spence was indicted in a multiple count

indictment for the murder of Nolan Leon Cummings "by then and there shooting the said Nolan Leon Cummings with a pistol . . ." and for the offense of having in his possession "a firearm during the commission of a crime . . ."

The jury returned guilty verdicts on both counts. When the state announced that it had no evidence to introduce on the sentencing phase of the trial, the trial court announced that since a life sentence was the only legal sentence in this case on the murder charge that such sentence would be entered by the court and that Count 2 would be dismissed. Thereafter, a motion for new trial was filed and overruled and the present appeal filed.

1. The first enumeration of error contends that the trial court erred in submitting to the jury any question as to the defendant's guilt as to Count 2 (possession of a firearm during the commission of a crime) since the evidence showed without contradiction that possession of such pistol was with a valid license. This contention is without merit. Code Ann. § 26-9908a does not make it a crime to be illegally in possession of a firearm during the commission of another crime, but makes it a crime to be in the possession of a firearm during the commission of a crime. Since the date of the crime here alleged, this provision of law has been amended to include knives over a certain size. See Ga. L. 1974, p. 385. The trial court did, however, err in submitting to the jury the question of whether the defendant was guilty of possessing a firearm *illegally* at the time of the commission of the homicide; but this was not harmful error to the defendant. The count as submitted to the jury afforded the defendant a defense to which he was not entitled. See *Davis v. State,* 205 Ga. 248, 250 (53 SE2d 545), and citations.

Under the provisions of Code Ann. § 26-506 entitled "Multiple Prosecutions for Same Conduct," it was not error to charge the defendant in this indictment, as a separate charge, with a violation of Code Ann. § 26-9908a. Compare *State v. Estevez,* 232 Ga. 316 (206 SE2d 475). Under such decision the later judgment of the trial court, before sentence was entered, dismissing such charge after the jury had returned its verdict was not error.

2. After the jury returned the guilty verdict, and

after the trial court had announced a life sentence on the murder charge, a motion for mistrial was made by the defendant's counsel on the ground that the court had erroneously instructed the jury as to sentence. The denial of this motion constitutes the sole remaining enumeration of error.

After the jury retired but before a verdict was announced, the jury returned to the courtroom and requested additional instructions as to the responsibility for fixing the defendant's sentence. The trial court instructed the jury in effect that they were then only concerned with guilt or innocence and that if the defendant was found guilty that the jury would then be further instructed as to possible punishments which the jury would then fix. As was held in *Moore v. State,* 228 Ga. 662, 665 (187 SE2d 277) this instruction was not error, and the failure of the trial court to later submit the issue of punishment to the jury where the sentence inflicted upon the defendant for the crime of murder was the minimum sentence permitted by law cannot constitute error.

3. While the defendant has not insisted upon the ground of the motion for new trial, to wit that the evidence did not authorize the verdict, yet, a review of the evidence in this case discloses that the verdict was amply authorized by the evidence.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1975 — DECIDED JANUARY 28, 1975.

*Reuben A. Garland,* for appellant.

*John T. Perren, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.