## 30435. CHUMLEY v. THE STATE.

HALL, Justice.

Chumley was indicted in separate indictments for, and convicted at a single trial of, armed robbery and possession of a firearm during the commission of a crime (the crime being the armed robbery). He was sentenced to 10 years' imprisonment for armed robbery, and to a concurrent five-year sentence on the firearm possession charge.

1. Chumley's argument that the trial court erred in requiring him to be tried on both indictments at a single trial over his oral objection is without merit. Under the facts of this case, the same conduct of the accused was alleged to establish the commission of both crimes (which distinguishes *Bradford v. State,* 126 Ga. App. 688 (191 SE2d 545) (1972), urged by Chumley). See Code Ann. §§ 26-1902, 26-9908 (a). Therefore, under Code Ann. § 26-506 (a) he may be prosecuted for each (see *State v. Estevez,* 232 Ga. 316, 320 (206 SE2d 475) (1974)), and

under Code Ann. § 26-506 (b) and (c) the crimes must be prosecuted in a single prosecution unless the court "in the interest of justice" orders a separate trial. The trial court did not err in overruling the objection to the single trial. See *Dingler v. State,* 233 Ga. 462 (211 SE2d 752) (1975).

We express no opinion upon whether by procedural flaw Chumley might have waived his right to object to this single prosecution; we choose instead to answer the point on the merits.

2. Under the facts of this case, where only one firearm was involved in the offense, the possession charge becomes a lesser included offense of the armed robbery charge. We so ruled in *Roberts v. State,* 228 Ga. 298, 300 (185 SE2d 385) (1971), construing Code Ann. § 26-506. Therefore, under *Estevez,* supra, *prosecution* on both charges was proper; but the conviction on the lesser included offense must be set aside. "An accused may be prosecuted for each crime arising from the same conduct. The proscription is that he may not be convicted of more than one crime if one crime is included in the other. Code Ann. § 26-506." *Estevez,* supra, p. 320. Therefore, the five-year sentence for possession of a firearm during the commission of a crime must be vacated.

3. Our review of the statement given to officers by Chumley after his arrest shows that it is clearly a confession and not a mere incriminating statement under the test of *Robinson v. State,* 232 Ga. 123, 126 (205 SE2d 210) (1974). The trial court did not err in charging the jury concerning confessions.

*The judgment of conviction of armed robbery is affirmed; the judgment of conviction of possession of a firearm during the commission of a crime is vacated. All the Justices concur.*

Submitted October 20, 1975 — Decided November 4, 1975.

*Henderson & Snell, Donald J. Snell, Barry W. Bishop,* for appellant.

*C. B. Holcomb, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler,* for appellee.