## 39126. MILLER et al. v. THE STATE.

HILL, Chief Justice.

The Court of Appeals has certified to us the following questions:

"Since [Code Ann.] § 26-9908a is in direct conflict with [Code Ann.] § 26-506(a) and prior decisions of the Supreme Court:

"(1) Is § 26-506(a) [the statutory double jeopardy provision] superseded by § 26-9908a [providing that the offense of possession of a firearm during the commission of a felony "shall be considered a separate offense"]?

"(2) If the answer to the above question is affirmative, is existing case law interpreting the superseded Code section, where

applicable, to be considered valid or controlling authority? See *Chumley [v. State,* 235 Ga. 540, 541 (2) (221 SE2d 13) (1975)]; *Whitehead v. State,* 144 Ga. App. 836 (3) (242 SE2d 754) (1978); *Jackson v. State,* 143 Ga. App. 406 (2) (238 SE2d 752) (1977)."[1]

We recently wrote the following in *Wiley v. State,* 250 Ga. 343 (6) (296 SE2d 714) (1982): "The offense of possession of a firearm during the commission of a felony does not merge into the felony upon convictions for both. In 1976, the General Assembly amended Ga. Code Ann. § 26-9908a, the Code section which defines the offense of possession of a firearm during the commission of a felony. The amendment provides: 'Notwithstanding any prior court decision to the contrary, any crime committed in violation of this section shall be considered a separate offense.'[2] Ga. L. 1976, pp. 1591, 1592. 'Thus, there is express legislative intent to impose double punishment for conduct which violates both Code Ann. § 26-9908a and other felony statutes.' *Wilson v. Zant,* 249 Ga. 373, 380 (290 SE2d 442) (1982). Such double punishment is not constitutionally prohibited, nor is it violative of our double jeopardy statutes to convict a person of both possession of a firearm during the commission of a felony and the accompanying felony in a single prosecution."

In view of the 1976 amendment to Code Ann. § 26-9908a; Ga. L. 1976, p. 1591, *Chumley v. State, Whitehead v. State,* and *Jackson v. State,* supra, are no longer controlling. See *Wilson v. Zant,* supra, 249 Ga. at 380.

Therefore, the answer to the first certified question is "yes" insofar as multiple punishment for the crime of possession of a firearm in the commission of a felony has been expressly authorized by the General Assembly, and the second certified question is answered in the negative.

*First certified question answered in the affirmative; second certified question answered in the negative. All the Justices concur.*

DECIDED JANUARY 4, 1983.

---

[1] Former Code Ann. § 26-506 is now OCGA § 16-1-7, and former Code Ann. § 26-9908a is now OCGA § 16-11-106.

[2] Footnote added. Although this expression of legislative intent does not appear in toto in OCGA § 16-11-106 (Code Ann. §§ 26-9908a, 26-9909a), we do not find its omission from the OCGA to have been intended to repeal the legislative intent expressed by enactment of the 1976 amendment. See OCGA § 1-1-2 (Code Ann. § 102-202).

*Robinson & Chew, Donald T. Robinson, J. Patrick Ward,* for appellants.

*Gilbert J. Murrah, District Attorney,* for appellee.