## S92A1335. RODENCAL v. THE STATE.
(424 SE2d 787)

HUNT, Presiding Justice.

Darrell Rodencal was convicted of the felony murder and robbery of Troy Lawson, and the theft by taking of his truck, and sentenced to life imprisonment, plus two consecutive twenty-year terms.[1] We affirm but set aside the armed robbery conviction and sentence.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The record supports the trial court's conclusion that trial counsel was not ineffective under the standard of *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

3. We find no merit to defendant's remaining enumerations of error.

4. Defendant was convicted and sentenced for felony murder, armed robbery and theft by taking. The record reflects the armed robbery conviction was the underlying felony for defendant's conviction of felony murder, and, therefore, that felony merged into the felony murder conviction. Accordingly, we vacate the conviction and sentence for armed robbery. *Johnson v. State*, 254 Ga. 591, 596 (4) (331 SE2d 578) (1985).

*Judgment affirmed in part; reversed in part. Clarke, C. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED JANUARY 22, 1993.

*Avrett & Withrock, R. Mike Withrock,* for appellant.

*Jack O. Partain III, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General,* for appellee.

---

[1] The crimes were committed on July 6, 1990, and Rodencal, along with Robin Sands, was indicted on December 6, 1990, in Whitfield County. Rodencal was tried beginning December 16, 1991, and convicted and sentenced on December 19, 1991. His motion for new trial, filed January 7, 1992, was denied on February 4, 1992. Because the defendant raised a claim of ineffective assistance, the trial court appointed separate counsel for appeal, and set aside the order denying the motion for new trial. The defendant filed an amended motion for new trial, which was denied on June 8, 1992. He filed his notice of appeal on July 1, 1992. This appeal was submitted for decision without oral argument on September 25, 1992.