S93A0254. GARRETT v. THE STATE.
(429 SE2d 515)

CLARKE, Chief Justice.

The defendant, Carl Gillerson Garrett, was convicted of the felony murder of Charles Freeman, the underlying felony being possession of a firearm by a convicted felon. Additionally, the defendant was

convicted of the offenses of possession of a firearm by a convicted felon; possession of a firearm during the commission of a felony; and aggravated assault with a deadly weapon on the person of Charles Freeman.[1] The trial court sentenced the defendant to life imprisonment for the felony murder conviction, and terms of years for the remaining convictions.

Eyewitnesses to the crimes testified at trial that the victim and his brother were attempting to buy drugs from a group of men when the defendant came up to the victim's car and demanded that the victim hand over his money. Two eyewitnesses testified that when the victim refused, the defendant grabbed him by the hair, and then hit him in the back of the head with a handgun. The defendant then went to the other side of the car and demanded money from the victim's brother. When the brother told the defendant he had no money, the defendant returned to the victim's side of the car, and threatened to kill the victim if he drove away. As the victim called to a passing car for help, the defendant shot the victim in the chest and right arm. The victim died a short time later.

1. The defendant first argues that the trial court erred in failing to give cautionary instructions regarding the charge for possession of a firearm by a convicted felon as it related to the charge of murder. We have recently reaffirmed the requirement of *Head v. State*, 253 Ga. 429, 432 (322 SE2d 228) (1984), that such "limiting instructions must be requested for there to be error in failing to instruct." *Brown v. State*, 263 Ga. 89 (428 SE2d 78) (1993); *Head v. State*, 262 Ga. 795 (4) (426 SE2d 547) (1993). As the record in this case shows that no request was made, we find no error.

2. However, we do find that the conviction for possession of a firearm by a convicted felon merged with the conviction for felony murder as the underlying felony was possession of a firearm by a convicted felon. *Rodencal v. State*, 262 Ga. 686 (424 SE2d 787) (1993). Accordingly, we vacate this conviction and sentence. It is therefore unnecessary to address the defendant's remaining allegation of error with regard to the trial court's possession charge.

3. The defendant argues that his conviction of aggravated assault with a deadly weapon merges with his conviction for felony murder. We do not agree.

Under the "actual evidence" test

---

[1] The crimes occurred on January 28, 1991. The defendant was tried beginning February 10, 1992, and the jury returned its verdict on February 13, 1992. The trial court sentenced the defendant on February 19, 1992. The defendant filed a motion for new trial on February 18, 1992 which was denied August 14, 1992. The case was docketed in this court on November 17, 1992, and orally argued on February 9, 1993.

" 'if the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under . . . OCGA § 16-1-6 (1).' " *Montes v. State*, 262 Ga. 473, 474 (421 SE2d 710) (1993); *Haynes v. State*, 249 Ga. 119 (2) (288 SE2d 185) (1982).

The defendant used his pistol in two different ways to inflict separate and distinct wounds on the victim. Further, the acts giving rise to the two crimes were separated by intervening events. In order to establish the crime of felony murder, the state did not "use up" the evidence necessary to prove the crime of aggravated assault with a deadly weapon. Thus, the crime of aggravated assault was not established by the same but less than all the facts required to establish the crime of felony murder, OCGA § 16-1-6 (1), and the trial court did not err in refusing to merge the aggravated assault conviction.

Contrary to defendant's contention, his conviction for aggravated assault is not included, as a matter of law, in his conviction for felony murder under OCGA § 16-1-7 simply because both convictions resulted from an assault with a pistol.

4. After reviewing the record, we conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED MAY 24, 1993.

*Michael K. Gardner*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Ann M. Elmore*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *Matthew P. Stone*, Staff Attorney, for appellee.