## S98A1704. GILCHRIST v. THE STATE.
(508 SE2d 409)

HUNSTEIN, Justice.

Terry Anthony Gilchrist was convicted of murder, aggravated assault and two counts of possession of a knife during the commission of a crime. He appeals from the denial of his amended motion for new trial.[1] Finding no error, we affirm.

1. The evidence adduced at trial authorized the jury to find that Gilchrist was angry at Marci Hodges for chastising Gilchrist about his speeding through the residential area where all the parties lived. Gilchrist came to Marci Hodges' home and initiated, without provocation, a fight with James Hodges. After Gilchrist wrestled James Hodges to the ground and began choking him, Russell Fuller, who lived with the Hodgeses, hit Gilchrist's back twice with a stick to stop the assault. Gilchrist pulled out a knife with a minimum five-

---

[1] The crimes occurred on May 14, 1996. Gilchrist was indicted in Chatham County on August 7, 1996 on charges of murder, felony murder based on the aggravated assault of James Robert Hodges, Jr., aggravated assault of Russell Fuller, and two counts of possession of a knife during the commission of a crime. Gilchrist was found guilty of all charges on May 7, 1997, and was sentenced by order filed May 27, 1997 to life imprisonment, twenty years on the aggravated assault on Fuller, and two five-year sentences on the possession charge all to be served consecutively. His motion for new trial, filed May 29, 1997 and amended November 18, 1997, was denied April 2, 1998. A notice of appeal was filed April 17, 1998. The appeal was docketed on July 23, 1998. Oral arguments were heard on October 13, 1998.

centimeter-long blade and stabbed James Hodges once in the back, severing arteries which caused the victim to bleed to death. Gilchrist also stabbed Fuller in the arm as Gilchrist fled the home.

"Whether a defendant justifiably used deadly force is a jury question." *Timley v. State*, 268 Ga. 611 (1) (492 SE2d 214) (1997). In reaching their decision, the jury properly weighed the evidence and determined the credibility of all the witnesses who testified. Viewed in a light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find Gilchrist guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Because the two charges of possession of a knife during the commission of a crime underlay attacks on two separate victims, we find no error in the trial court's refusal to merge the convictions entered on those two charges. OCGA §§ 16-1-6 (1), 16-1-7; see also *Denny v. State*, 222 Ga. App. 674 (1) (475 SE2d 698) (1996).

3. At Gilchrist's request, the trial court charged the jury extensively on principles involving justification, including language that a person is justified in threatening or using force against another person when he "reasonably believes that such threat or force is necessary to defend himself against the other's imminent use of *unlawful* force." (Emphasis supplied.) See OCGA § 16-3-21. The trial court also sua sponte charged the jury that a person is justified in using force when he reasonably believes such force is necessary to prevent or terminate another's unlawful entry into or attack upon a residence. Gilchrist contends this latter charge was error, arguing that because the defense of habitation set forth in OCGA § 16-3-23 is an affirmative defense, a charge on this principle can only be given when that defense is asserted by the defendant. However, it is not error for a trial court to charge the jury on the law applicable to the legal defense raised by a defendant; indeed, it is the duty of the court to ascertain the applicable law and instruct the jury of what the law consists. *Dunn v. State*, 145 Ga. App. 612 (2) (244 SE2d 127) (1978). See also OCGA § 17-9-2; *Darsey v. State*, 136 Ga. 501, 504 (71 SE 661) (1911); *Walker v. State*, 122 Ga. 747 (2) (50 SE 994) (1905). In this case, in order for the jury to determine correctly whether Gilchrist's justification defense was authorized because he was defending himself against the use of unlawful force by Hodges and Fuller, the jury needed to know the law which authorized Hodges and Fuller to use force to defend their home. Accordingly, we find no error in the giving of this charge.

4. Even assuming proper objection was made to closing argument by the prosecutor, we are satisfied after a careful examination of the transcript that the challenged language regarding the testimony of informant Michael Morris was supported by the record and

did not constitute an improper bolstering of that witness's credibility. *White v. State*, 208 Ga. App. 885 (6) (432 SE2d 562) (1993).

5. Gilchrist contends error in the admission of a pre-autopsy photograph of the victim's wound which also reflected the results of medical attention given the victim. Assuming the photograph could have been cropped to eliminate the objectionable incision, its admission was harmless error in light of the overwhelming nature of the evidence supporting the jury's verdict. *Heard v. State*, 257 Ga. 1 (2) (354 SE2d 115) (1987).

6. We find no abuse of the trial court's discretion in allowing a rebuttal witness, who had not been subpoenaed, to testify at trial even though the witness had not been sequestered. *Tidwell v. State*, 219 Ga. App. 233 (7) (464 SE2d 834) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 1998 —
RECONSIDERATION DENIED DECEMBER 4, 1998.

*Jackson & Schiavone, Michael G. Schiavone, Steven L. Sparger,* for appellant.

*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.