## S99G0246. BUSCH v. THE STATE.
### (523 SE2d 21)

SEARS, Justice.

We granted certiorari in this case to consider whether the trial court has discretion to impose concurrent sentences for multiple convictions under OCGA § 16-11-106 (b).[1] The appellant, Samuel Busch, was convicted for, among other things, seven counts of aggravated assault, five counts of armed robbery, and seven counts of possession of a firearm during the commission of a crime (the possession offenses were Counts 5, 6, 9, 13, 16, 19, and 21 of the indictment). The various counts of the indictment stemmed from five separate incidents, and two of those incidents involved two different victims. Pursuant to OCGA § 16-11-106 (b), the trial court sentenced Busch to five-year sentences for each of the possession offenses, with each five-year sentence to run consecutively to the sentences for the other possession offenses and to life sentences imposed on two armed robbery convictions. The Court of Appeals upheld this sentencing scheme, ruling that "the trial court did not have discretion to impose concurrent five-year sentences for defendant's convictions under Counts 5, 6, 9, 13, 16, 19 and 21 of the indictment."[2] For the reasons that follow, we conclude that the Court of Appeals erred in this holding.

OCGA § 16-11-106 (b) sets forth the elements of the crime of being in possession of a firearm during the commission of a felony, and further provides that "upon conviction thereof, [the defendant] shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received." The State contends that, by providing that a sentence for violating subsection (b) must "run consecutively *to any other sentence which the person has received,*" subsection (b) plainly and unambiguously requires that any sentence received under that subsection must run consecutively to any other sentence imposed on the defendant before or at the sentencing for the violation of subsection

---

[1] *Busch v. State,* 234 Ga. App. 766, 769 (6) (507 SE2d 868) (1998).
[2] *Busch,* 234 Ga. App. at 769.

(b) that is at issue, which would include any prior sentences for a possession of a firearm offense under § 16-11-106. We disagree with this analysis for several reasons.

In construing a statute, our goal is to determine its legislative purpose. In this regard, a court must first focus on the statute's text. In order to discern the meaning of the words of a statute, the reader must look at the context in which the statute was written, remembering at all times that "the meaning of a sentence may be more than that of the separate words, as a melody is more than the notes."[3] If the words of a statute, however, are plain and capable of having but one meaning, and do not produce any absurd, impractical, or contradictory results, then this Court is bound to follow the meaning of those words.[4] If, on the other hand, the words of the statute are ambiguous, then this Court must construe the statute, keeping in mind the purpose of the statute[5] and " 'the old law, the evil, and the remedy.' OCGA § 1-3-1 (a)."[6] Moreover, because this is a criminal statute, it must be strictly construed against the State.[7]

We conclude that the State improperly considers in isolation the phrase from subsection (b) on which it relies,[8] and that the literal reading that the State ascribes to subsection (b) is too rigid and narrow and fails to account for ambiguities in the statutory language. Even assuming, however, that the State's rigid reading of subsection (b) is accurate, it cannot be followed as it produces the absurd and impractical result of having subsection (b) directly contradict the more specific provisions of subsection (c) of § 16-11-106. Under the State's reading of subsection (b), subsection (b) would require the five-year sentence specified by it to run consecutively to any sentence imposed upon the defendant before the trial for the present possession offense, including any prior sentence for a possession offense. The dilemma faced by the State with this reading of the statute is demonstrated by an examination of subsection (c) of § 16-11-106. That subsection provides as follows:

> (c) Upon the second or subsequent conviction of a person under this Code section, the person shall be punished by

---

[3] *Helvering v. Gregory*, 69 F2d 809, 810-811 (2nd Cir. 1934).

[4] *Hardwick v. State*, 264 Ga. 161, 163 (442 SE2d 236) (1994); *Tuten v. City of Brunswick*, 262 Ga. 399, 404 (418 SE2d 367) (1992); *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

[5] See *Sizemore v. State*, 262 Ga. 214, 216 (416 SE2d 500) (1992); *Telecom\* USA v. Collins*, 260 Ga. 362, 363 (1) (393 SE2d 235) (1990).

[6] *Kemp v. City of Claxton*, 269 Ga. 173, 175 (496 SE2d 712) (1998).

[7] *Hughes v. State*, 269 Ga. 819, 821 (504 SE2d 696) (1998); *State v. Mills*, 268 Ga. 873, 875 (495 SE2d 1) (1998).

[8] *Kemp v. City of Claxton*, 269 Ga. at 175 (holding that a statute must be read as a whole).

confinement for a period of ten years. Notwithstanding any other law to the contrary, the sentence of any person which is imposed for violating this Code section a second or subsequent time shall not be suspended by the court and probationary sentence imposed in lieu thereof.

Because the State's reading of subsection (b) requires that its five-year sentence be imposed upon a prior possession offense, and because subsection (c) plainly provides for a ten-year sentence when a defendant has a prior conviction for a possession offense, the State's reading of subsection (b) places it in conflict with subsection (c). And, because subsection (c) is the more specific provision, it must control. Thus, the State's literal reading of subsection (b) produces an unreasonable, contradictory result, and cannot be followed.[9]

Moreover, we conclude that subsection (b) is, in fact, ambiguous. The ambiguity stems from the fact that the subsection does not specify the crime or crimes for which the "any other sentence the person has received" was imposed. For instance, subsection (b) could be read as providing that the defendant "shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence the person has received *for the underlying felony for the possession offense.*" Or, the subsection could be read equally as reasonably as providing that the defendant "shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence the person has received *for crimes for which he was convicted during the trial of the possession offense.*" Similarly, as we have seen, the State would urge that the statute could reasonably be read as providing that the defendant "shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence the person has received *for crimes for which he was convicted either before or during the trial of the possession offense.*" We have already concluded, however, that this latter reading is not reasonable.

We conclude that the most logical interpretation, and the one most in keeping with the purpose of § 16-11-106, is to require that the five-year sentence of subsection (b) run consecutively only to the underlying felony to the possession of a firearm offense. First, the elements of the substantive crime of possession of a firearm during the commission of a felony are described in the part of subsection (b) that immediately precedes the sentencing provision of subsection (b). As part of the substantive description of the crime, the subsection

---

[9] With the foregoing discussion, we intend no holding with regard to whether the ten-year sentence specified in subsection (c) must be served consecutively or not. We simply conclude that subsection (b) is not susceptible to the meaning ascribed to it by the State.

sets forth the felonies that may serve as an underlying felony for the possession offense. It is thus logical to conclude that when subsection (b) provides that its five-year sentence must be imposed consecutively "to any other sentence which the person has received," the statute is referring to the sentence that the person has received for the underlying felony.

Moreover, this construction is consistent with the purpose and statutory history of § 16-11-106. In cases decided before a 1976 amendment to § 16-11-106, this Court held that our double jeopardy statute, OCGA § 16-1-7, precluded a person from being convicted and punished for the underlying felony to the possession offense and for the possession offense itself.[10] In response to these cases, the General Assembly amended § 16-11-106 in 1976.[11] The 1976 amendment added the phrase "such sentence to run consecutively to any other sentence which the person has received," and also added a new subsection specifying that "[n]othwithstanding any prior court decisions to the contrary, any crime committed in violation of section 1 shall be considered a separate offense."[12] As enacted, the statute did not include the phrase, "[n]othwithstanding any prior court decisions to the contrary." Even absent this language, this Court construed § 16-11-106, as amended in 1976, to express "a legislative intent to impose double punishment for conduct which violates both [OCGA § 16-11-106] and other felony statutes."[13] This Court also held that the double punishment did not violate either constitutional or statutory double jeopardy provisions.[14]

Because this legislative history indicates that the purpose of § 16-11-106 is to impose double punishment for conduct violating both that Code section and another felony statute, and because the language of subsection (b) that is at issue in this case was part of that legislative history, we construe the relevant language of subsection (b) to require that a sentence for the possession offense be served consecutively only to the underlying felony for that offense. This construction furthers the purpose of § 16-11-106 and rectifies the evil that the 1976 amendment sought to cure.[15] To construe the statute to impose a consecutive sentence on any prior conviction imposed on the defendant either before or at the trial for the possession offense would ignore the statutory history and go further in punishing the

---

[10] *Roberts v. State*, 228 Ga. 298, 300 (185 SE2d 385) (1971); *Spence v. State*, 233 Ga. 527, 528 (212 SE2d 357) (1975); *Chumley v. State*, 235 Ga. 540 (2) (221 SE2d 13) (1975).

[11] Ga. Laws 1976, p. 1591, §§ 1, 2.

[12] Ga. Laws 1976, pp. 1591, 1592, § 2.

[13] *Wilson v. Zant*, 249 Ga. 373, 380 (290 SE2d 442) (1982); *Miller v. State*, 250 Ga. 436, 437 (298 SE2d 509) (1983).

[14] *Wilson*, 249 Ga. at 380; *Miller*, 250 Ga. at 437.

[15] See *Harper v. State*, 213 Ga. App. 611, 612-613 (445 SE2d 300) (1994).

defendant than the clearly expressed purpose of the statute.

Moreover, the rule that criminal statutes must be strictly construed against the State[16] requires that we construe subsection (b) narrowly so as to require that its five-year sentence run consecutively only to the underlying felony for the possession offense.

Finally, because trial courts have been granted broad discretion to run sentences concurrently or consecutively,[17] and because § 16-11-106 (b) does not indicate a clear intent to limit that discretion beyond the limitation that is necessary to accomplish the purpose of § 16-11-106, we decline to construe § 16-11-106 (b) as broadly as the State urges and as broadly as the Court of Appeals construed it.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur, except Hunstein, Carley and Thompson, JJ., who dissent.*

CARLEY, Justice, dissenting.

OCGA § 16-11-106 (b) provides that, upon a defendant's conviction for the crime of possessing a firearm during the commission of a felony, the applicable sentence is "five years, such sentence to run consecutively to *any other sentence* which the person has received." (Emphasis supplied.) The issue on certiorari is the meaning of the phrase "any other sentence" as used in this statute. The majority concludes that the statute mandates that the sentence for violating OCGA § 16-11-106 (b) run consecutively only as to the particular felony during the commission of which the defendant possessed the firearm. In my opinion, the clear intent of the statute is to require the imposition of a sentence which runs consecutively to any and all other sentences imposed upon the defendant. Accordingly, I dissent.

The cardinal rule of statutory construction is to ascertain the legislative intent and purpose in enacting the law. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). The General Assembly provided that the sentence imposed pursuant to OCGA § 16-11-106 (b) is to run consecutively to "any other sentence," and did not provide for any exceptions. "Statutes should be read according to the natural and most obvious import of the language, without resort to subtle and forced constructions, for the purpose of either limiting or extending their operation. [Cit.]" *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186) (1987). If the General Assembly had

---

[16] *Hughes v. State*, 269 Ga. at 821; *State v. Mills*, 268 Ga. at 875.

[17] See OCGA § 17-10-10; *Duckworth v. State*, 246 Ga. 631, 633 (2) (272 SE2d 332) (1980); *Spivey v. State*, 253 Ga. 187, 191-192 (5) (319 SE2d 420) (1984), cert. den., 469 U. S. 1132 (105 SC 816, 83 LE2d 809) (1985); *Welch v. State*, 254 Ga. 603, 606 (2) (331 SE2d 573) (1985); *Hambrick v. State*, 256 Ga. 148, 149-150 (3) (344 SE2d 639) (1986); *Jefferson v. State*, 209 Ga. App. 859, 863 (434 SE2d 814) (1993).

intended that the sentence run consecutive only to sentences for certain specified crimes, it could have so provided. Instead, by indicating that the sentence is consecutive to "any other sentence" *without exception*, the legislative intent could not be expressed any clearer. Thus, the lack of specification which the majority cites as the basis for its conclusion that the statute is ambiguous is, in fact, the very factor which illustrates the unambiguous legislative intent that a consecutive sentence be imposed for possession of a firearm regardless of the other offenses for which the defendant might receive a sentence. The majority's forced construction of "any other sentence" in OCGA § 16-11-106 (b) places a limitation on the operation of that statute which is contrary to the General Assembly's intent that the provision be applied without exception.

Although the majority perceives a conflict between OCGA § 16-11-106 (b) and OCGA § 16-11-106 (c), there is no such conflict. Subsection (b) of the statute applies where, as here, the defendant is being sentenced in connection with his first prosecution for commission of the crime or crimes of possession of a firearm. On the other hand, subsection (c) applies where the defendant is a recidivist and is being sentenced for commission of a subsequent firearm possession crime. The sentence authorized under subsection (c) is an entirely separate issue from that presented in this case. Certainly, the recidivist sentencing provision for the crime of possessing a firearm does not conflict with the clear and unambiguous provisions regarding sentencing in the initial prosecution of a defendant for that crime.

" 'The construction (of statutes) must square with common sense and sound reasoning.' [Cit.]" *Tuten v. City of Brunswick*, 262 Ga. 399, 404 (7) (a) (I) (418 SE2d 367) (1992). The legislative intent of OCGA § 16-11-106 (b) is to impose double punishment for possessing a firearm during the commission of a crime. *Wilson v. Zant*, 249 Ga. 373, 380 (2) (290 SE2d 442) (1982), overruled on other grounds, *Morgan v. State*, 267 Ga. 203, 204-205 (2) (476 SE2d 747) (1996). And, without exception, the sentence so imposed is to run consecutively to all other sentences received by the defendant. Since the General Assembly has provided no exception, the trial court has no discretion when imposing a sentence pursuant to OCGA § 16-11-106 (b). Because this is precisely what the Court of Appeals held, its ruling in that regard is correct and should be affirmed. Accordingly, I dissent.

I am authorized to state that Justice Hunstein and Justice Thompson join in this dissent.

DECIDED NOVEMBER 1, 1999.

*L. Elizabeth Lane,* for appellant.

*Kelly R. Burke, District Attorney, Amy E. Lambert, Assistant District Attorney*, for appellee.