### A02A1633. MARLOWE v. THE STATE.
(572 SE2d 685)

POPE, Senior Appellate Judge.

Kevin Marlowe appeals from the sentence entered on his guilty plea to charges of burglary, aggravated assault on a person over sixty-five, criminal attempt to commit armed robbery, and three counts of possession of a knife during commission of a felony.

On May 4, 2000, Marlowe performed yard work at the home of Regina Rapier, who is in her eighties. Later that day, Marlowe returned to Rapier's home with a large knife and awakened her. Marlowe forced Rapier from her bed and through the house to the living room. He demanded money, which she was unable to provide. At one point, when Rapier attempted to phone for police, Marlowe struggled with her for the phone, cutting her arm in the process. He then fled.

1. Marlowe first contends that the aggravated assault and the attempted armed robbery merge because the crime consisted of one continuous assault in an effort to obtain money. We disagree.

The offenses of aggravated assault and armed robbery do not merge as a matter of law, but the offenses may merge as a matter of

---

fact. "The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. For example, if one crime is complete before the other takes place, the two crimes do not merge." (Citation omitted.) *Shelton v. State*, 251 Ga. App. 34, 36 (1) (553 SE2d 358) (2001).

Marlowe was charged with aggravated assault by placing a person over 65 in reasonable apprehension of immediately receiving a violent injury by use of a knife. That crime was complete when Marlowe stood over Rapier with a knife, awakening her from her sleep. He then forced her through the house at knifepoint while demanding money, thus completing the offense of attempted armed robbery. See *Shelton*, 251 Ga. App. at 36; *Reeves v. State*, 233 Ga. App. 802, 805 (2) (505 SE2d 540) (1998); *Taylor v. State*, 219 Ga. App. 475, 478 (4) (465 SE2d 473) (1995). But even if we determined that the initial assault factually merged with the later attempted armed robbery, a second assault occurred. The offense of attempted armed robbery was complete when Marlowe threatened Rapier with a knife and demanded money, and a separate offense of aggravated assault was committed when he struggled with Rapier over the telephone, cutting her. See *Holmes v. State*, 205 Ga. App. 168, 169 (2) (421 SE2d 311) (1992); *Hug v. State*, 205 Ga. App. 746, 747 (1) (423 SE2d 700) (1992); *Johnson v. State*, 190 Ga. App. 172, 173 (378 SE2d 700) (1989). Accordingly, the trial court correctly determined that the two offenses did not merge under the facts of this case.

2. Marlowe next asserts that the three counts of possessing a weapon during commission of a felony should merge because he possessed the same weapon throughout his encounter with Rapier. We agree. Although Marlowe committed three separate felonies, he possessed the same knife during the commission of each felony. Thus, while the underlying felonies were separate, the possession of the knife was continuous and the felonies were committed upon the same victim. Therefore, the three charges of possession of a weapon during commission of a felony should have been merged for sentencing purposes. Compare *Gilchrist v. State*, 270 Ga. 287, 288 (2) (508 SE2d 409) (1998) (holding that two separate weapon possession charges did not merge where the same weapon was used to commit two felonies during a single encounter with two victims). Accordingly, the sentences as to the charges of possession of a knife during the commission of a felony are vacated, and the case remanded for resentencing.

*Judgment affirmed. Sentence vacated and case remanded. Ruffin, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 9, 2002 —
RECONSIDERATION DENIED OCTOBER 24, 2002

*John T. Strauss*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Jeffrey L. Foster, Assistant District Attorney*, for appellee.