## A03A1196. LITTLE v. THE STATE.
### (589 SE2d 656)

MIKELL, Judge.

Bernard Eugene Little pleaded guilty to three indictments in Fulton County Superior Court: Y15688, Y15689, and Y15697. The crimes in Y15688, hijacking a motor vehicle and armed robbery, were committed against two victims on September 13, 1997. The counts in Y15689, hijacking a motor vehicle, aggravated assault, and possession of a firearm during the commission of a felony, OCGA § 16-11-106, arose from crimes committed against a third victim on October 4, 1997. Finally, the charges to which Little pleaded guilty in Y15697, hijacking a motor vehicle, armed robbery, kidnapping, aggravated sodomy, rape, and possession of a firearm during the commission of a felony, arose from crimes committed against a fourth victim on October 8, 1997.[1]

Little's sole enumeration of error on appeal is that the trial court erred in imposing consecutive five-year sentences for each conviction of possession of a firearm during the commission of a felony. Little argues that the sentences should have merged into the other substantive crimes to which he pleaded guilty because all of the offenses were committed with the same firearm. In support of this proposition, Little cites the Supreme Court's recent grant of certiorari to resolve the division of authority in this Court on the issue of whether multiple convictions of violating OCGA § 16-11-106 merge if the same weapon is used in the commission of the underlying crime.[2] However, the cases to which the writ was granted are inapposite.

*Pearson v. State* involved multiple crimes committed against two victims during a single incident — a home invasion.[3] We affirmed the defendant's conviction of ten counts of violating OCGA § 16-11-106 — one for each underlying felony he committed — holding that the weapons charges did not merge for sentencing purposes even though the same gun was used throughout the incident.[4] Conversely, in *Marlowe v. State*, we held that three weapons offenses arising out of three felonies committed with the same weapon during a single encounter

---

[1] We note for the parties' benefit that Indictment No. Y15688 did not charge Little with violating OCGA § 16-11-106. The parties incorrectly state otherwise in their respective appellate briefs.

[2] *Pearson v. State*, 258 Ga. App. 651 (574 SE2d 820) (2002), cert. granted, Case No. S03C0564, 2003 Ga. LEXIS 261 (March 10, 2003); *Marlowe v. State*, 258 Ga. App. 152 (572 SE2d 685) (2002), cert. granted, *State v. Marlowe*, Case No. S03G0351, 2003 Ga. LEXIS 76 (January 27, 2003). The Supreme Court stated the issue as follows: "When a defendant is charged with and convicted of multiple counts of possession of a weapon during the commission of a crime and the same weapon is used in the commission of the underlying crime, do the convictions for possession of a weapon merge?"

[3] 258 Ga. App. at 651-652.

[4] Id. at 658 (6).

with a single victim should have been merged for sentencing purposes.[5]

The convictions in both *Marlowe* and *Pearson* arose out of a single indictment and one continuous incident. Such is not the case here. Little's two convictions of violating OCGA § 16-11-106 were based on felonies charged in separate indictments that arose out of unrelated incidents and involved different victims. In this situation, the fact that the same weapon may have been used is irrelevant. "Each offense . . . was separate and distinct with independently supporting facts. Consequently, the offenses did not merge."[6]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 5, 2003.

*R. Gary Spencer*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.

---

[5] 258 Ga. App. at 153 (2).
[6] *Culver v. State*, 230 Ga. App. 224, 232 (8) (496 SE2d 292) (1998). See also *Gilchrist v. State*, 270 Ga. 287, 288 (2) (508 SE2d 409) (1998), cert. denied, *Gilchrist v. Georgia*, 528 U. S. 888 (120 SC 209, 145 LE2d 175) (1999); *Denny v. State*, 222 Ga. App. 674, 675 (1) (475 SE2d 698) (1996).
[1] *Peterson v. State*, 253 Ga. App. 390, 391 (1) (559 SE2d 126) (2002).