S03G0351. THE STATE v. MARLOWE.
S03G0564. PEARSON v. THE STATE.
(589 SE2d 69)

FLETCHER, Chief Justice.

We granted certiorari in these cases to consider conflicting opinions from the Georgia Court of Appeals regarding whether multiple convictions for the possession of a weapon during the commission of a felony merge when there is continuous possession of a single weapon during multiple predicate offenses.[1] We conclude that the legislature has not authorized multiple convictions for possession of a weapon when multiple felonies are committed against one victim. Multiple convictions may be authorized in other circumstances such as when there are multiple victims. Therefore, we affirm in part and reverse in part in both cases.

Isaac Pearson was convicted of ten separate felonies based on his gun-wielding attack on three people and ten counts of possession of a gun during the commission of a felony. For the predicate felonies, he received two life sentences, plus consecutive sentences totaling 160 years. For each of the ten possession charges he received five years to run consecutively. The Court of Appeals rejected Pearson's argument that he could only be sentenced for one possession charge since he possessed only one gun during the crime spree.[2]

Kevin Marlowe was convicted of three separate felonies based on his knife-wielding attack on an elderly woman and three counts of possession of a knife during the commission of a felony. For the predicate felonies, he received a 20 year sentence, 10 to serve, and two 10 year sentences, all sentences to run concurrently. For each of the possession charges he received five years to run consecutively. The Court of Appeals held that because the possession of the knife was continuous and the felonies were committed upon one victim, the possession charges should have been merged into one for sentencing.[3]

1. The question of multiple punishments (as opposed to multiple *prosecutions*) for the same criminal conduct is addressed under the rubric of substantive double jeopardy.[4] Whether multiple punishment is permissible requires examination of the legislative intent underlying the criminal statute.[5] It is for the legislature to "determine to

---

[1] *Marlowe v. State*, 258 Ga. App. 152 (572 SE2d 685) (2002); *Pearson v. State*, 258 Ga. App. 651 (574 SE2d 820) (2002).

[2] *Pearson*, 258 Ga. App. at 657-658.

[3] *Marlowe*, 258 Ga. App. at 153.

[4] *Keener v. State*, 238 Ga. 7, 8 (230 SE2d 846) (1976).

[5] *State v. Estevez*, 232 Ga. 316, 318 (206 SE2d 475) (1974); *Missouri v. Hunter*, 459 U. S. 359, 366 (103 SC 673, 74 LE2d 535) (1983) ("[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended").

what extent certain criminal conduct has demonstrated more serious criminal interest and damaged society and to what extent it should be punished."[6] Typically, the question is whether the same conduct may be punished under different criminal statutes.[7] In that situation, it is appropriate to apply the "actual evidence" test or "required evidence" test found in OCGA §§ 16-1-6 and 16-1-7, the double jeopardy statutes.[8] However, a different question is presented here: whether a course of conduct can result in multiple violations of the same statute.[9] The United States Supreme Court has held that this question requires a determination of the "unit of prosecution," or the precise act or conduct that is being criminalized under the statute.[10] Other states have also recognized that the required evidence test is not appropriate when the question is multiple punishments involving a single statutory provision.[11] Accordingly, the starting point must be the statute itself.

2. OCGA § 16-11-106 (b) provides, in relevant part, that

> Any person who shall have on . . . his . . . person a firearm or a knife . . . during the commission of . . . :
>
> (1) Any crime against or involving the person of another;
> (2) The unlawful entry into a building or vehicle;
> (3) A theft from a building or theft of a vehicle;
> (4) Any crime involving [illegal drugs as enumerated in the final two divisions in subsection (b) of the statute].
>
> and which crime is a felony, commits a felony and, . . . shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence.

---

[6] Id.

[7] See, e.g., *Jordan v. State*, 267 Ga. 442, 447 (480 SE2d 18) (1997).

[8] Id. For a cogent discussion of the varying interpretations given the double jeopardy statutes, see Paul M. Kurtz, *Criminal Offenses and Defenses in Georgia* (2002 ed.), at 713-717.

[9] See *United States v. Universal C.I.T. Credit Corp.*, 344 U. S. 218, 224 (73 SC 227, 97 LE 260) (1952).

[10] Id.; *Sanabria v. United States*, 437 U. S. 54, 69-70 (98 SC 2170, 57 LE2d 43) (1978); *Bell v. United States*, 349 U. S. 81, 83-84 (75 SC 620, 99 LE 905) (1955). See also *United States v. Reed*, 647 F.2d 678, 681 (6th Cir. 1981).

[11] See, e.g., *Townsend v. State*, 823 So.2d 717, 722 (Ala. Crim. App. 2002); *Williams v. State*, 796 A.2d 1281, 1285-1286 (Del. 2002); *Brown v. State*, 535 A.2d 485, 488 (Md. 1988); *Commonwealth v. Rabb*, 725 N.E.2d 1036, 1041 (Mass. 2000); *People v. Wakeford*, 341 N.W.2d 68, 72-73 (Mich. 1983); *State v. French*, 79 S.W.3d 896, 898-899 (Mo. 2002); *State v. Crowder*, 810 P.2d 299, 305 (Mont. 1991); *Swafford v. State*, 810 P.2d 1223, 1228 (N.M. 1991); *State v. Richardson*, 875 S.W.2d 671, 676-677 (Tenn. Crim. App. 1993); *Ex Parte Hawkins*, 6 S.W.3d 554, 556-558 (Tex. Crim. App. 1999); *State v. Adel*, 965 P.2d 1072, 1074 (Wash. 1998); *State v. Green*, 534 S.E.2d 395, 400-401 (W.Va. 2000). Compare *Gilchrist v. State*, 270 Ga. 287, 288 (508 SE2d 409) (1998) (addressing merger of possession offenses under double jeopardy statutes).

(a) OCGA § 16-11-106 (e) provides that "[a]ny crime committed in violation . . . of this Code section shall be considered a separate offense." The predecessor to subsection (e) was added in 1976 in order to overturn several decisions of this Court.[12] In those cases, this Court had held that the possession of a firearm offense was a lesser-included offense of armed robbery and of murder, and thus, the possession offense had to be vacated.[13] In light of this legislative history, subsection (e) does not demonstrate a legislative intent to impose multiple convictions for possession of a weapon based on multiple predicate felonies – the issue considered here. Instead, it evidences only the legislative intent to provide punishment for both the possession offense and the predicate felony.[14] Thus, subsection (e) would require that the possession offense stand even when the predicate felony merges as a matter of fact into another offense.[15]

(b) Additionally, subsection (b) fails to clearly delineate the unit of prosecution. This Court has previously recognized that the language of the subsection (b) statute is ambiguous.[16] A similar federal statute is also widely regarded as ambiguous as to the unit of prosecution.[17] The federal cases that struggle with defining the unit of prosecution under the federal statute provide extensive analysis of the issue that is useful in interpreting the analogous Georgia statute.

18 U.S.C. § 924 (c) (1) (A) provides criminal penalties for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm."[18] Some federal courts have held that the predicate felony is the proper unit of prosecution, so that there may be as many possession offenses as there are predicate felonies.[19] Other courts have held that the unit of prosecution

---

[12] Ga. Laws 1976, pp. 1591, 1592 ("[n]otwithstanding any prior court decision to the contrary, any crime committed in violation of this section shall be considered a separate offense").

[13] *Roberts v. State*, 228 Ga. 298 (185 SE2d 385) (1971); *Spence v. State*, 233 Ga. 527 (212 SE2d 357) (1975); *Chumley v. State*, 235 Ga. 540 (221 SE2d 13) (1975).

[14] See *Busch v. State*, 271 Ga. 591, 594 (523 SE2d 21) (1999) (discussing statutory history); *Miller v. State*, 250 Ga. 436, 437 (298 SE2d 509) (1983) (1976 amendment superseded statutory double jeopardy provisions, and it was now permissible "to convict a person of both possession of a firearm during the commission of a felony and the accompanying felony in a single prosecution") (quoting *Wiley v. State*, 250 Ga. 343, 351-352 (296 SE2d 714) (1982)).

[15] Compare *Garrett v. State*, 263 Ga. 131 (429 SE2d 515) (1993) (possession charge that is underlying felony of felony murder charge merges as matter of law with felony murder).

[16] *Busch*, 271 Ga. at 593.

[17] *United States v. Finley*, 245 F.3d 199, 207 (2nd Cir. 2001) (regarding the federal felony possession statute, 18 U.S.C. § 924 (c) (1) "there is a widely-shared view that the statute's text is ambiguous").

[18] "[P]ossession of a firearm in furtherance of any such crime" was added to the statute in 1998. Pub. L. § 105-386 1 (a) (1).

[19] *United States v. Anderson*, 59 F.3d 1323, 1334 (D.C. Cir. 1995) (en banc); *United States v. Taylor*, 13 F.3d 986, 993-994 (6th Cir. 1994); *United States v. Lindsay*, 985 F.2d 666,

focuses on the use of a firearm rather than on the predicate offense.[20] Under this analysis, the statute permits "only as many counts as there are uses of the firearm."[21] Where there are distinct uses of a single gun in multiple predicate crimes, multiple convictions may be warranted under this statute.[22] We are persuaded by the reasoning of the courts that reject the predicate felony as the unit of prosecution, because "[t]o base a statute's unit of prosecution on an offense that the statute does not prohibit is illogical."[23] Accordingly, we reject the analysis that would permit as many possession counts as there are predicate felonies. Instead, the relevant unit of prosecution is the *possession* of a firearm during the commission of the specified categories of felonies.[24]

(c) The first category of felony is "any crime against . . . the person of another." By reference to *any* crime against *a* person, the legislature has indicated its intent to impose separate criminal liability upon a defendant for each person against whom a crime is committed. The remaining categories of felonies are those involving illegal entry into or theft from a building or vehicle and those involving illegal drugs. By specifying the separate categories, the legislature has indicated its intent to impose separate criminal liability upon a defendant for each separate category of crime committed. Under this interpretation, where multiple crimes are committed together during the course of one continuous crime spree, a defendant may be convicted once for possession of a firearm during the commission of a crime as to every individual victim of the crime spree, as provided under OCGA § 16-11-106 (b) (1), and additionally once for firearm possession for every crime enumerated in subsections (b) (2) through (5).

3. In light of the above legal analysis, in *Marlowe*, the Court of Appeals properly merged the two possession offenses stemming from attempted robbery and aggravated assault against a single victim. However, the possession charge predicated on the burglary count, a

---

674 (2nd Cir. 1993) (considering issue of multiple firearms connected to one crime).

[20] *United States v. Phipps*, 319 F.3d 177, 185-186 (5th Cir. 2003). *United States v. Camps*, 32 F.3d 102, 109 (4th Cir. 1994); *United States v. Lucas*, 932 F.2d 1210, 1222-1223 (8th Cir. 1991).

[21] *Phipps*, 319 F.3d at 186.

[22] Id. at 188-189 (reversing multiple convictions, but noting unique facts of defendants using "single firearm a single time for a dual criminal purpose, then immediately discarding it"); *United States v. Wilson*, 160 F.3d 732, 749 (D.C. Cir. 1998) (multiple convictions might be sustained where "evidence shows distinct uses of the firearm, first to intimidate and then to kill").

[23] *Camps*, 32 F.3d at 109.

[24] Although it is possible to conclude that the appropriate unit of prosecution is the predicate felony, the legislature's choice is not clear and an ambiguous criminal statute must be strictly construed against the State. *State v. Langlands*, 276 Ga. 721 (583 SE2d 18) (2003); *Busch*, 271 Ga. at 595.

crime involving illegal entry into a building, would stand. In *Pearson*, the Court of Appeals permitted ten possession offenses simply because there were ten predicate felonies. A proper analysis permits three possession charges based on the crimes committed against three separate victims, and two possession charges based on the crimes of burglary and motor vehicle hijacking. The remaining possession charges, predicated on multiple felonies committed against the victims, should have been merged.

*Judgment affirmed in part and reversed in part in Case No. S03G0351 and affirmed in part and reversed in part in Case No. S03G0564. All the Justices concur, except Carley and Thompson, JJ., who concur in part and dissent in part, and Hines, J., who dissents.*

CARLEY, Justice, concurring in part and dissenting in part. According to the majority,

> the legislature has not authorized multiple convictions for possession of a weapon when multiple felonies are committed against one victim. Multiple convictions may be authorized in other circumstances such as when there are multiple victims.

Majority opinion, p. 383. I agree that OCGA § 16-11-106 authorizes convictions for as many counts of possessing a weapon as the evidence shows there are victims of predicate felonies committed by the accused. In my opinion, however, the majority's holding that only one conviction is authorized when the armed defendant commits numerous felonies against a single victim is based upon an erroneous construction of the clear language of the statute. Therefore, I dissent to the partial affirmance and partial reversal of the judgments in these two cases. In my opinion, the judgment in Case Number S03G0351 is erroneous and should be reversed in its entirety, whereas the judgment in Case Number S03G0564 is correct and should be completely affirmed.

An unambiguous criminal statute cannot be altered by judicial construction. *Vines v. State*, 269 Ga. 438, 440 (499 SE2d 630) (1998). OCGA § 16-11-106 (b) provides, in relevant part, that

> [a]ny person who shall have on or within arm's reach of his or her person a firearm or a knife having a blade of three or more inches in length during the commission of, or the attempt to commit: [certain specified offenses], and which crime is a felony, commits a felony. . . .

Contrary to the holding of the majority, this Court has not previously held that this portion of the statute is ambiguous. Compare *Busch v. State*, 271 Ga. 591, 592 (523 SE2d 21) (1999) (addressing the sentenc-

ing portion of the code section). By its terms, OCGA § 16-11-106 (b) unequivocally makes possession of a gun or knife during the perpetration of any one of the predicate felonies a separate and independent crime. Neither the possession of the weapon nor the commission of the underlying offense, standing alone, authorizes a conviction for violating the statute. However, possession of a gun or knife while committing each of the specified crimes is itself a felony for which the defendant can be sentenced separately.

Therefore, the majority opinion is based upon the obviously erroneous proposition that "the relevant unit of prosecution is the *possession* of a firearm during the commission of the specified categories of felonies." (Emphasis in original.) Majority opinion, p. 386. A prosecution for violating OCGA § 16-11-106 (b) is based upon both the possession of a weapon and the contemporaneous commission of one of the predicate offenses. The possession and the underlying crime are each essential elements which must be proven. Even if the defendant's possession is continuous, his or her perpetration of a series of predicate offenses nevertheless demonstrates multiple violations of the statute. OCGA § 16-11-106 (b) authorizes as many convictions for the continuing act of possession as are accompanied by underlying felonies committed over the course of a crime spree.

This interpretation of the statute is reenforced by subsection (e) of OCGA § 16-11-106, which provides that any crime committed in violation of subsection (b) "shall be considered a separate offense." Compare 18 USC § 924 (c) (1) (A). The majority does not cite any support for construing this provision as evincing "only the legislative intent to provide punishment for both the possession offense and the predicate felony. [Cits.]" Majority opinion, p. 385. As worded, subsection (e) does not provide for any exception. In fact, it was enacted because this Court gave the statute a more limited construction than the General Assembly intended. See *Miller v. State*, 250 Ga. 436, 437 (298 SE2d 509) (1983). Today's opinion ignores the unqualified language of subsection (e), thereby failing to give effect to the " ' "express legislative intent to impose double punishment for conduct which violates both [OCGA § 16-11-106] and other felony statutes." [Cit.]' " *Miller v. State*, supra at 437. Subsection (e) constitutes clear legislative intent that subsection (b) apply broadly so as to impose separate punishment for each and every instance that an accused possesses a weapon while committing a predicate felony, without consideration for such additional criminal liability as might attach as the result of the perpetration of other offenses.

A criminal statute must be read according to the natural and obvious import of its language, and its operation should not be limited or extended by application of subtle and forced interpretations. *Foster v. State*, 273 Ga. 555-556 (1) (544 SE2d 153) (2001). Today, a

majority of this Court violates this principle by giving a strained construction to the unambiguous terms of OCGA § 16-11-106 (b), so as to narrowly redefine the proscribed act as possession of a weapon during the commission of a crime spree. Under that statute, as enacted by the General Assembly, the relevant and determinative question is simply whether the evidence is sufficient to authorize a finding that the defendants in these two cases committed each of the underlying crimes while in possession of a weapon. If he did, then, in accordance with subsection (e), there is no bar to the imposition of a separate conviction and sentence. Because the evidence as to the violations of OCGA § 16-11-106 (b) and (c) meets the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the convictions and sentences for all of those separate offenses should be affirmed in both cases.

I am authorized to state that Justice Thompson joins in this opinion.

HINES, Justice, dissenting.

I must respectfully dissent because today a majority of the Justices of this Court issues an opinion which contravenes the expressed intent of the Georgia General Assembly, and which is a radical departure from current Georgia law and traditional notions of statutory and constitutional double jeopardy. We granted certiorari to the Court of Appeals in these cases to consider the not uncommon situation in which a defendant is charged with and found guilty of multiple counts of possession of a weapon during the commission of a crime and the same weapon is used against the same victim in the commission of each underlying distinct crime.

Subsection (e) of OCGA § 16-11-106 contemplates multiple sentences under the statute. The subsection provides that "[a]ny crime committed in violation of subsections (b) and (c) of this Code section shall be considered a separate offense." This expresses the plain legislative intent that additional punishment be imposed for conduct which violates both OCGA § 16-11-106 and other felony statutes. *Miller v. State*, 250 Ga. 436, 437 (2) (298 SE2d 509) (1983). "Judicial construction is appropriate only when a statute is ambiguous, and when the statutory language is plain and unequivocal, judicial construction is not only unnecessary but forbidden." *Glover v. State*, 272 Ga. 639, 640 (533 SE2d 374) (2000). Moreover, this Court long ago decided that it is "not constitutionally prohibited, nor is it violative of our double jeopardy statutes to convict a person of both possession of a firearm during the commission of a felony and the accompanying felony in a single prosecution." Id. quoting *Wiley v. State*, 250 Ga. 343, 351 (6) (296 SE2d 714) (1982).

In *Busch v. State*, 271 Ga. 591, 592 (523 SE2d 21) (1999), this

Court determined that judicial construction of subsection (b) of OCGA § 16-11-106 was warranted, and concluded that subsection (b)'s provision for a five-year sentence had to be imposed consecutively to the sentence that the person received for the underlying felony. Thus, the person must be convicted of the underlying felony in order to receive punishment for the concomitant weapon possession. However, the *Busch* decision in no manner prevents the imposition of punishment for multiple counts of possession of a single weapon during the commission of multiple underlying felonies when the underlying felonies do not merge. In fact, the *Busch* analysis clearly contemplates multiple sentences for multiple violations of OCGA § 16-11-106. *Busch v. State* at 592-593.

This Court has already considered the propriety of multiple convictions of weapon possession in a situation much like the present, one in which a defendant used a single weapon in the commission of more than one underlying crime, in *Gilchrist v. State,* 270 Ga. 287 (508 SE2d 409) (1998). Gilchrist was convicted of murder, aggravated assault, and two counts of possession of a knife during the commission of a crime stemming from the defendant's attacks with the same knife against two separate victims. Citing the double jeopardy statutes, this Court held that it was not error for the trial court to refuse to merge the convictions entered on the two charges of violation of OCGA § 16-11-106. The fact that the multiple weapon possession violations occurred during one continuous criminal attack did not alter the defendant's culpability and punishment for the separate possession offenses. Thus, the only question remaining unsettled by this Court is whether such an analysis is extant when the underlying felonies are committed against the same victim.

As has been discussed, it is well established that the charge of possession of a firearm or knife during the commission of certain crimes does not merge with the underlying felony, and that there is no merger among the possession charges as a matter of law. Thus, the next step in the analysis is whether there is merger of the possession charges as a matter of fact. The "actual evidence" test is used to determine whether one crime is included in another as a matter of fact, that is, " ' "[I]f the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact . . . OCGA § 16-1-6 (1)." ' [Cits.]" *Mitchell v. State,* 275 Ga. 42, 43 (2) (561 SE2d 803) (2002), quoting *Montes v. State,* 262 Ga. 473 (1) (421 SE2d 710) (1992). In both *Marlowe v. State,* 258 Ga. App. 152 (572 SE2d 685) (2002), and *Pearson v. State,* 258 Ga. App. 651 (574 SE2d 820) (2002), the Court of Appeals found that each defendant possessed his weapon while committing distinct and separate crimes which did not merge. *Marlowe* at 153 (2); *Pearson* at 658 (6). Therefore, the weapon

possession offenses based upon those crimes cannot merge with each other as a matter of fact.

The majority finds that it is inappropriate to apply this "actual evidence" test or "required evidence" test embodied in the double jeopardy statutes, OCGA §§ 16-1-6 and 16-1-7, in the situation presented here, and instead would examine the double jeopardy question by determining a "unit of prosecution." The majority then focuses on a conveniently-found ambiguity in OCGA § 16-11-106 (b), in order to find that the "relevant unit of prosecution" is the *possession* of a weapon during the commission of the "categories" of felonies it finds in subsection (b). This construct is used to reach the intended result that a defendant be punished only for one possession offense for each victim of a crime against or involving their person and for one possession offense for the commission of each property or drug crime. However, it cannot be credibly argued that the legislature intended the sanctions of OCGA § 16-11-106 to apply based upon such an analysis.

The "unit of prosecution" yardstick has no precedence in Georgia law. Nor is it a measure readily or easily applied by the federal courts.[25] Even so, engrafting this illusive federal concept onto our clear State notions of statutory and constitutional double jeopardy, should not yield the result desired by the majority. If indeed, as stated by the majority, the "unit of prosecution" analysis focuses exclusively on the use of the weapon, then OCGA § 16-11-106 plainly warrants as many convictions as there are predicate offenses. In other words, the statute is clearly intended to punish the use of a weapon in each instance in which a predicate felony is committed, even if only a single victim is involved.

It must be concluded that the circumstance that all of the underlying felonies in *Marlowe* and some of the underlying felonies in *Pearson* were perpetrated against a single victim does not alter the legislative mandate of OCGA § 16-11-106 (e). Accordingly, I would reverse the judgment in Case No. S03G0351 and affirm the judgment in Case No. S03G0564.

DECIDED NOVEMBER 17, 2003.

*John T. Strauss*, for Malone and Pearson.

---

[25] *Bell v. United States,* 349 U. S. 81 (75 SC 620, 99 LE2d 905) (1955), cited by the majority, expressly acknowledges the frequent difficulty of ascertaining the "unit of prosecution." In fact, the opinion of the Court begins by stating, "Once more it becomes necessary to determine 'What Congress has made the allowable unit of prosecution,' [cit.], under a statute which does not explicitly give the answer." Id.

*W. Kendall Wynne, Jr., District Attorney, Jeffrey L. Foster, Assistant District Attorney*, for the State.