## 45805. PAYNE v. THE STATE.
### (373 SE2d 626)

WELTNER, Justice.

Ray Douglas Payne was convicted by a jury of statutory rape and sentenced to twenty years in prison. The record includes the unequivocal statement of the victim that the act had taken place, along with other supporting evidence. Payne denied that the incident had ever taken place.

OCGA § 16-6-3 provides in part:

> A person commits the offense of statutory rape when he engages in sexual intercourse with any female under the age of 14 years and not his spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the female.

1. Payne contends the trial court erred by failing to instruct the jury on the principle of law found in OCGA § 16-2-1: "A 'crime' is a

violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." The trial court instructed the jury on the elements of statutory rape as set out in OCGA § 16-6-3, but failed to give the standard charge on intent, as contained in Suggested Pattern Jury Instructions, Council of Superior Court Judges of Georgia, p. 13.

Payne's defense did not relate, in any manner, to intent. Rather, the defense was that the incident did not occur. In view of this, any error on the part of the trial court to charge intent was harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). See also *Redd v. State*, 141 Ga. App. 888, 890-891 (234 SE2d 812) (1977).

2. A physician specializing in family and emergency medicine was called by the state. He testified that he had seen the victim approximately two weeks after the incident. The purpose of the examination was to determine if there was any physical evidence of penetration. On cross-examination Payne's attorney asked the witness: "Would you feel it unusual to wait some two weeks before that patient was examined?" The trial court sustained the district attorney's objection to this question because the question was not directed to the physician's area of specialized knowledge.

> While the right to a cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him [OCGA § 24-9-64], yet the scope of the cross-examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused. [Cits.]

*Post v. State*, 201 Ga. 81, 84 (39 SE2d 1) (1946).
There was no abuse of discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 23, 1988.

*Robert F. Oliver, Robbie E. Colwell,* for appellant.
*Johnnie L. Caldwell, District Attorney, Anne Cobb, Assistant District Attorney,* for appellee.