## S97A1804. TIMLEY v. THE STATE.
### (492 SE2d 214)

HUNSTEIN, Justice.

Edward Bernard Timley was convicted of felony murder, predicated upon his aggravated assault of Michael Ross, and sentenced to life in prison.[1] Finding no error in the trial court's denial of Timley's motion for a new trial, we affirm.

1. The jury was authorized to find that Timley and his cousin, Rodney Sherman, were driving through a large crowd gathered in the parking lot of a closed bar early in the morning of May 26, 1995, when a near collision occurred between the car Sherman was driving (in which Timley was the front-seat passenger) and a car driven by Michael Ross. The men began cursing each other. Sherman and Timley both testified that Ross loudly threatened to kill them; a witness testified that Timley initiated the oral confrontation and that she did not hear Ross threaten Sherman or Timley's lives. The two cars left the parking lot and a witness saw them stopped on Gray Highway, as the occupants of the cars continued to talk. The cars then headed down the road, side by side, when Ross's car weaved into Sherman's lane. The witness saw the passenger in Sherman's car fire a weapon at Ross. Timley testified that he saw Ross draw a gun and in response drew his 9 millimeter Russian-made semi-automatic pistol and shot at Ross while ducking down in his seat. The victim's car drove over an embankment and came to a halt in the adjacent ditch. Timley and Sherman continued on their way; neither reported the incident to the police. Ross was discovered with two gunshot wounds

---

[1] The crime occurred on May 26, 1995. Timley was indicted on a charge of murder in Bibb County on December 13, 1995. The jury found Timley guilty of felony murder on April 25, 1996; the verdict and sentence were entered May 8, 1996. Timley's motion for new trial, filed May 29, 1996, was denied June 11, 1997. A notice of appeal was filed July 7, 1997. The appeal was docketed July 28, 1997. This appeal was submitted for decision without oral argument.

to the head; he died several days later as a result of those wounds. Expert testimony established that two bullets taken from the victim's body were fired from Timley's handgun. A witness who saw the shooting and crash and waited at the scene for authorities to arrive testified that he saw no one retrieve a gun from the victim's car. Investigators recovered no weapon from Ross's car or the surrounding area.

Whether a defendant justifiably used deadly force is a jury question. *Anderson v. State*, 245 Ga. 619 (1) (266 SE2d 221) (1980). In reaching their decision, the jury properly weighed the evidence and determined the credibility of all the witnesses who testified, including Timley himself. Viewed in a light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find Timley guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Timley contends the trial court erred by allowing the State to ask Timley on cross-examination several questions from which the jury could have inferred that Timley should have produced witnesses to support his self-defense claim. On cross-examination, Timley first verified Sherman's testimony regarding the large crowd outside the closed bar during the argument between the men. The prosecutor then asked "[s]o you've been out on bond and I take it you've been out looking for some of these people that were in that crowd that heard that threat [uttered by the victim]." Timley's objection to the question was denied and the prosecution asked Timley several further questions in this vein.

We find no error in the trial court's allowance of this questioning. Timley's efforts to locate other persons who were in the large crowd at the parking lot who overheard the threats Ross allegedly made against Timley's life was a matter clearly within the scope of Timley's personal knowledge. The prosecutor did not ask Timley to produce witnesses, but merely asked if he had attempted to locate them. Such questions are permitted during a prosecutor's thorough and sifting cross-examination of all witnesses, including defendants. *Pardo v. State*, 215 Ga. App. 317 (5) (450 SE2d 440) (1994). Moreover, the scope of cross-examination rests within the trial judge's sound discretion. *Payne v. State*, 258 Ga. 711 (2) (373 SE2d 626) (1988). We find no abuse of that discretion here.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 1997.

*Franklin J. Hogue*, for appellant.

*Charles H. Weston, District Attorney, Myra Y. Christian, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K.*

*Smith, Senior Assistant Attorney General, Elizabeth L. Jaeger, Assistant Attorney General,* for appellee.