A01A0071. PARKER v. THE STATE.

(548 SE2d 634)

JOHNSON, Presiding Judge.

A jury found Herman Lee Parker guilty of selling cocaine. Parker appeals, contending (1) the weight of the evidence is contrary to the verdict, (2) the trial court erred in its pre-charge to the jury, (3) the state inadvertently failed to disclose his statement prior to trial, (4) the trial court erred in refusing to order that he be produced for his motion for new trial, and (5) the trial court erred in allowing the state to replay an audiotape four times during the course of the trial. Because each of these enumerations of error lacks merit, we affirm Parker's conviction.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that Parker approached a car driven by an under-cover narcotics agent. The agent asked if he could get "a twenty," referring to $20 worth of crack cocaine. Parker walked around the front of the agent's car, got in the passenger side, reached into a small plastic bag, and handed the agent a piece of crack cocaine. The agent handed Parker two $10 bills which had previously been photo-copied. The agent then left the parking lot, but watched Parker. Within 20 seconds, a second agent arrested Parker. No one had approached Parker prior to his arrest.

The buy money was recovered from Parker's possession. A digital audiotape of the conversation between the undercover agent and

---

Parker was admitted into evidence and played for the jury. The state also introduced and played for the jury a videotape with Parker identified as the person approaching the agent's car.

Parker testified that he was wearing the clothes described by the agents at trial, that he had the buy money on him, and that he was in the parking lot where the incident took place. However, Parker claimed that his height and weight did not match that described by the undercover agent. He also testified that a larger man dressed like him asked him for a $20 bill in exchange for two $10 bills, and he obliged. He further pointed out an alleged inconsistency in the agents' testimony concerning whether he dropped some drugs.

When reviewing a criminal conviction, this Court must determine whether, after viewing the evidence in a light most favorable to support the jury's verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] This Court only determines the legal sufficiency of the evidence; we do not weigh the evidence or judge the credibility of the witnesses.[2] In light of the agents' testimony identifying Parker as the individual who sold the cocaine, as well as the taped evidence and Parker's possession of the buy money, the evidence was sufficient to enable a rational trier of fact to find Parker guilty beyond a reasonable doubt of sale of cocaine.[3] The jury was authorized to resolve the conflicts in the evidence and reject Parker's testimony.

2. In its pre-charge to the jury, the trial court gave an illustration to help show the jury what constitutes evidence in the case. In part, the court charged as follows:

> You will be reassured to know that among the twelve of you you can remember all of the testimony. One person may remember one part of it well. Another person may have notes on another part. When you put your heads together you can remember it all. Notice that you will hear thousands of words which are not evidence. What I say is not evidence. What the lawyers say is not evidence. You want to listen to everything of course, but it is as if you need to have two different filing cabinets in your head. And when you hear words spoken that are evidence, you put them in one place. And when you hear words spoken that are not evidence, you put them in another part of your brain. And you try to keep them separate. This is very difficult to do. But it's important

---

[1] *Holzendorf v. State*, 235 Ga. App. 462, 463 (509 SE2d 737) (1998); *Little v. State*, 230 Ga. App. 803, 804 (1) (498 SE2d 284) (1998).

[2] *Holzendorf*, supra at 464; *Little*, supra.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

because at the end of the trial you're supposed to use only the words that are in your evidence filing cabinet plus the exhibits to decide the facts. One complication of that is that sometimes the lawyers use what I call the yellow rose technique. They ask the first witness well did you see the yellow roses there that day. And the witness says what, I don't know anything about any yellow roses. Then they ask the next witness did they tell you about the yellow roses. The witness says I don't know anything about any yellow roses. By the end of the trial, half the jury is convinced the place was covered with yellow roses even though there hasn't been one single smidgen of testimony to that effect from the witness stand. See what I mean? Now the way our trials work, after I finish speaking the lawyers will make an opening statement to you. These statements by the lawyers are predictions of what they think the evidence is going to be. We encourage these predictions because they can help you to fit the stories together better. And also sometimes they can alert you that a seemingly insignificant piece of information may later turn out to be critical. It goes without saying, ladies and gentlemen, that you decide the case according to what the evidence actually turns out to be and not according to what the lawyers predict that it's going to be. Now after the opening statement, then the State — by that I mean the assistant district attorney seated at the front table with a police officer. I think we call them drug agents these days, but it's still a police officer. The State has the burden, the task, of proving each essential element of its case by the introduction of evidence. . . .

Parker contends that the illustration amounted to an intimation of opinion by the trial court in violation of OCGA § 17-8-57. However, the illustration was not an unauthorized expression of an opinion by the trial court as to what actually had been proven in the case or as to Parker's guilt. Rather, the illustration was a preliminary reference to what the jury could expect to hear once the evidence began and a warning to differentiate between words that are evidence and words that are not. Moreover, Parker failed to object to the trial court's pre-charge or move for a mistrial on the basis of the pre-charge. Hence, he waived the right to contend that the trial court violated OCGA § 17-8-57.[4]

Parker also alleges that the same pre-charge by the trial court

---

[4] *Cammon v. State*, 269 Ga. 470, 475 (8) (500 SE2d 329) (1998); *Walker v. State*, 258 Ga. 443, 444 (3) (a) (370 SE2d 149) (1988).

violated his due process rights. He argues that the illustration used by the trial court essentially instructed the jury that the attorneys might ask questions that introduce irrelevant evidence into the trial, undermining the effectiveness of cross-examination of the state's witnesses and minimizing the state's burden of proof. However, as with his contention concerning OCGA § 17-8-57, Parker did not raise this issue at trial and, therefore, has forfeited the right to subsequently assert it.[5] Moreover, we find that the trial court's attempt to explain the difference between words that constitute evidence and words that do not, using "yellow roses" as an illustration, was proper, correctly illustrated the evidentiary concepts, neither misled nor confused the jury, and in no manner resulted in an unfair statement of the law.[6]

When a trial court correctly instructs the jury on the law, but an objection is made to a hypothetical illustration offered by way of explanation, this Court will not narrowly scrutinize that illustration unless a showing is made that the illustration confused or misled the jury.[7] Here, no such showing has been made. There was no error.

3. Parker maintains the state "may have inadvertently failed to disclose" his statement to police. However, the record shows that Parker did not make a statement to police and no statement was used to prosecute him. One agent testified that he could not recall if he questioned Parker, but believed that he did not, and no evidence has been presented to show that any statement exists. This enumeration of error lacks merit.

4. Parker alleges the trial court erred by refusing to have him brought to court for his motion for new trial. However, it is well settled that a defendant's right to be present during the course of his trial does not extend to post-verdict proceedings such as a motion for new trial.[8]

5. Parker contends the trial court erred in allowing the state to replay the digital audiotape four times during the course of the trial. The record shows that the audiotape was played, without objection, during the undercover agent's testimony for authentication purposes. The audiotape was replayed, without objection, to establish how many seconds passed between the time Parker exited the car and his arrest. The audiotape was again played, this time over objection, when the state cross-examined Parker. The audiotape was played the fourth time when the jury requested to hear it again during their

---

[5] *Walker*, supra at 444 (3) (b).

[6] *Druitt v. State*, 225 Ga. App. 150, 153-154 (4) (483 SE2d 117) (1997).

[7] *Grimes v. State*, 245 Ga. App. 277, 278 (1) (537 SE2d 720) (2000).

[8] *Dobbs v. State*, 245 Ga. 208, 209 (2) (264 SE2d 18) (1980); *Pena v. State*, 247 Ga. App. 211, 217 (4) (542 SE2d 630) (2000).

deliberations. Parker asserts that the audiotape should not have been replayed during his cross-examination or when the jury requested to hear it again because the replaying was repetitive. We disagree.

Regarding the state's cross-examination of Parker, it is well established that the scope and extent of cross-examination rest within the trial court's sound discretion and will not be disturbed absent an abuse of that discretion.[9] Moreover, whether to permit the replaying of a portion of testimony is within the discretion of the trial court.[10] Here, the state had a right to cross-examine Parker regarding the audiotape of the controlled buy between the undercover agent and Parker. It was within the trial court's discretion to permit the state to do this by first replaying the audiotape and then questioning Parker about the contents of the audiotape and the circumstances surrounding the controlled buy. We find no abuse of the trial court's discretion by permitting the replay of the audiotape.

Parker's contention that the trial court erred in allowing the jury to again hear the audiotape after commencing deliberations is without merit. "It has been recognized for more than 100 years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations."[11] The tape was admissible, and the trial court did not err in allowing its replay.[12]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 23, 2001.

*Gerald L. Olding,* for appellant.
*Spencer Lawton, Jr., District Attorney, Thomas M. Cerbone, Assistant District Attorney,* for appellee.

---

[9] See *Timley v. State,* 268 Ga. 611, 612 (2) (492 SE2d 214) (1997).
[10] See *Stephens v. State,* 261 Ga. 467, 468 (4) (405 SE2d 483) (1991).
[11] (Citation and punctuation omitted.) *Brown v. State,* 239 Ga. App. 674, 677 (2) (522 SE2d 41) (1999).
[12] See *McGee v. State,* 205 Ga. App. 722, 728 (11) (423 SE2d 666) (1992).