A08A1757. IN THE INTEREST OF J. H. M., a child.
(672 SE2d 411)

BARNES, Chief Judge.

J. H. M. appeals his adjudications of aggravated assault and criminal attempt to commit robbery. In his sole enumeration of error, J. H. M. contends the juvenile court should have dismissed the petition of delinquency against him because of a fatal variance between both of the allegations in the petition and the proof that was adduced at the adjudication hearing. Finding no error, we affirm J. H. M.'s adjudications:

The evidence shows that J. H. M. and an adult, later identified as Derrick Jackson, were together when the victim, who apparently knew J. H. M., walked over to J. H. M. and engaged him in conversation. As the victim attempted to leave Jackson struck him on the head with a beer bottle, knocking him to the ground. After beating the victim with the bottle, Jackson reached into the victim's pockets in an apparent attempt to steal the victim's property. Finding nothing on the victim, Jackson fled the scene. In addition to the actions already taken by Jackson, J. H. M. committed his own assault and attempted robbery on the victim by striking the victim in

the face with his fist and searching the victim's pockets for property while he was on the ground. Having found nothing to steal from the victim, J. H. M. also fled the scene.

Consequently, the State filed a delinquency petition against J. H. M., alleging aggravated assault and criminal attempt to commit robbery. As to the criminal attempt charge, the State specifically alleged that J. H. M. "hit [the victim] in the head *with a beer bottle* in efforts to rob him." (Emphasis supplied.) Regarding the aggravated assault charge, the State alleged that J. H. M. unlawfully made "an assault upon the person of [the victim], with intent to rob, by hitting him in the head *with a beer bottle. . . ."* (Emphasis supplied.)

While the State alleged as a basis for both of the offenses that J. H. M. hit the victim in the head with a beer bottle, the proof presented at the hearing showed that Jackson was the person who actually hit the victim with the bottle and that J. H. M. struck the victim with his fist. Following the presentation of the evidence, J. H. M. moved to dismiss the petition due to the variance between the specific actions alleged by the State and the evidence adduced at the hearing. The juvenile court denied the motion, and this appeal followed.

There is no question that if a fatal variance is found between the petition and the evidence, then the petition must be dismissed. The question is what constitutes a "fatal" variance. The fatal variance rule was applied strictly in earlier cases. In 1874, the Supreme Court of Georgia stated in *Fulford v. State*, 50 Ga. 591, 593 (1874): "If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance." (Punctuation omitted.) Id., quoting 1 Bishop's C.P., secs. 234, 235. In 1901, the Supreme Court of Georgia reaffirmed its position by stating in *Henderson v. State*, 113 Ga. 1148, 1149 (39 SE 446) (1901): "As we understand the rule, no averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed. All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance."

Later cases, however, have abandoned this strict approach and have departed from an overly technical application of the fatal variance rule. Recently, the focus has been on materiality and on serving the underlying reasons for the rule. The true inquiry is whether the variance affected the substantial rights of the accused. See *Denson v. State*, 212 Ga. App. 883, 884 (2) (443 SE2d 300) (1994); see also *Conklin v. State*, 254 Ga. 558, 563 (1) (a) (331 SE2d 532) (1985) (even if the indictment alleged stabbing by knife and the evidence showed stabbing by screwdriver such a variance would not be so material as to require reversal); *Holmes v. State*, 291 Ga. App. 196, 199 (3) (661 SE2d 603) (2008).

Accordingly, the Supreme Court of Georgia has set out the criteria for determining whether a variance between the indictment and the evidence has prejudiced the defendant. The Court held in *De Palma v. State*, 225 Ga. 465, 469-470 (3) (169 SE2d 801) (1969) that a variance between the indictment and the evidence at trial is fatal if the allegations fail to meet these two tests: (1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not be taken by surprise by the evidence offered at trial, and (2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Id., citing *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) (1935).

1. The petition in this case definitely informed J. H. M. as to the charges, and afforded him the opportunity to formulate his defense against those charges. The petition clearly identifies the charges as criminal attempt to commit the crime of robbery in violation of OCGA § 16-8-40, and aggravated assault in violation of OCGA § 16-5-21. The petition also put J. H. M. on notice that he was charged with these crimes as a result of him hitting the victim in the head in an effort to commit robbery on a specific date.

Furthermore, a beer bottle was actually used to strike the victim in furtherance of the attempted robbery. Therefore, under these particular circumstances, the evidence presented, which revealed that J. H. M. struck the victim with his fist and that it was actually his co-perpetrator who used the beer bottle in the attack, did not create a surprise for or mislead the defense in a way that resulted in prejudice to the defendant.[1]

Ignoring the beer bottle language and focusing instead on the "hitting" portion of the allegations, the petition adequately informed J. H. M. that he was being charged with assaulting the victim by "hitting [the victim] in the head," and the evidence that J. H. M. struck the victim with his fist was enough to sustain his conviction of aggravated assault.[2] Therefore, the beer bottle detail incorporated into the petition is "an unnecessary specification of a legally unnecessary fact." (Punctuation and footnote omitted.) *Quiroz v. State*, 291 Ga. App. 423, 425 (1) (662 SE2d 235) (2008).

---

[1] *Nash v. State*, 222 Ga. App. 766, 766-767 (1) (476 SE2d 69) (1996) (an indictment alleging that defendant threw a knife at the victim when the proof showed the knife fell out of the defendant's hand as he was attempting to stab the victim was not fatal to a conviction of aggravated assault because the variance did not create surprise or mislead defendant; therefore there was no prejudice).

[2] OCGA § 16-5-21 (a) (1) provides that "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith [the] intent to murder, to rape, or to rob."

2. The petition clearly identifies the laws allegedly violated and the acts allegedly performed by the accused in violation of the law. The name of the accused, as well as the name of the victim, and the date and location where the violations occurred, are all incorporated into the petition. Most importantly, the petition alleges that a crime occurred when J. H. M. hit the victim in the head with the intent to rob him. Clearly, the petition describes the offenses with sufficient particularity that J. H. M. is not susceptible to a second prosecution for the same incident.

The discrepancy between the petition and the evidence complained of here does not subject J. H. M. to either of the dangers anticipated in *De Palma*, supra, 225 Ga. at 469. Because J. H. M. was sufficiently apprised of the charges facing him and because he could not be prosecuted again for these offenses, the variance between the allegations and the proof was not fatal. Therefore, we find no error in the trial court's denial of J. H. M.'s motion to dismiss the petition.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 5, 2008 —
RECONSIDERATION DENIED JANUARY 9, 2009 — ▮▮▮▮▮▮▮▮

*Molly D. McIlvaine, Craig T. Pearson*, for appellant.
*Tom Durden, Jr., District Attorney, Johnathan C. Gaskin, Assistant District Attorney*, for appellee.