A10A0984. CORBIN v. THE STATE.
(700 SE2d 868)

MCMURRAY, Senior Appellate Judge.

The jury convicted Mark Joseph Corbin of driving under the influence of alcohol to the extent it was less safe for him to drive ("DUI — Less Safe"), possession of an open container of alcoholic beverage, and disorderly conduct. The trial court denied his motion for new trial. Corbin appeals, contending that the trial court improperly instructed the jury that questions posed to witnesses by the lawyers do not constitute evidence. Finding no error, we affirm.

Following a criminal conviction, we view the evidence in the light most favorable to the jury's verdict. *Gordon v. State*, 294 Ga. App. 908 (1) (670 SE2d 533) (2008). So viewed, the evidence showed that around midnight on a Saturday, the parking lot of a Krystal restaurant in Floyd County was crowded with cars in the drive-thru line and patrons gathered around parked cars. Corbin drove his

truck into the crowded parking lot and proceeded to the drive-thru line at such a high rate of speed that his tires were squealing.

While waiting in the drive-thru line, Corbin, without any apparent reason or provocation, began cursing at the driver in front of him who was at the speaker ordering food. When the other driver looked in his rearview mirror, Corbin yelled, "[M]other f*cker what are you looking at," stepped out of his truck, and began approaching the other driver. The other driver stepped out of his vehicle and told Corbin to go back to his truck, but Corbin charged toward the driver in an attempt to strike him. The driver, who happened to be an off-duty police officer, quickly subdued Corbin and asked another restaurant patron to call 911. The driver noticed that Corbin smelled of alcohol and had watery, bloodshot eyes.

Following the 911 call, a patrol officer on the DUI task force arrived on the scene and spoke with Corbin and the off-duty officer. Corbin denied that he had been drinking any alcoholic beverages, although he later admitted at trial that he had been drinking beer that night. Corbin refused to submit to an alco-sensor test or to any field sobriety tests. However, the patrol officer smelled a strong odor of alcohol on Corbin's breath and person, noted that Corbin had watery, bloodshot eyes, and saw Corbin staggering on the sidewalk.

Corbin was placed under arrest. The patrol officer read Georgia's implied consent warning to Corbin and asked him to take the state-authorized breath test. Corbin refused.

Officers also conducted an inventory search of Corbin's truck following his arrest. In the front center console was an open plastic cup containing an alcoholic beverage.

Corbin was indicted and tried before a jury on charges of DUI — Less Safe, possession of an open container of alcoholic beverage, and disorderly conduct. The driver accosted by Corbin and the arresting officer testified to the events as set out above. In contrast, Corbin took the stand and testified that he had not been intoxicated, had not cursed at the other driver, had not been the initial aggressor in the altercation, and had nothing more than coffee in the plastic cup in his truck. After hearing the conflicting testimony, the jury convicted Corbin of the charged offenses. The trial court subsequently denied his motion for new trial, resulting in this appeal.

1. The testimony of the driver accosted by Corbin and the arresting officer was sufficient to enable a rational jury to find Corbin guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA §§ 16-11-39 (a) (3); 40-6-253 (b) (1) (B); 40-6-391 (a) (1). See also OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."). With regard to the DUI — Less Safe conviction, Corbin's erratic driving in the crowded parking

lot, his odd and belligerent behavior toward the other driver in the drive-thru line, the odor of alcohol on his breath and person, his watery and bloodshot eyes, his staggering on the sidewalk, his refusal to submit to the alco-sensor test, the field sobriety tests, and the state-administered breath test, and the open container in his truck were sufficient to show that alcohol impaired his ability to drive safely. See, e.g., *Crusselle v. State*, 303 Ga. App. 879, 881 (1) (694 SE2d 707) (2010) (refusal to submit to alco-sensor test, field sobriety tests, and state-administered breath test "is admissible as circumstantial evidence of intoxication and together with other evidence . . . support[s] an inference that [the defendant] was an impaired driver") (punctuation and footnote omitted); *Lee v. State*, 280 Ga. App. 706, 707 (634 SE2d 837) (2006) (evidence of impaired driving ability included that driver was speeding, smelled of alcohol, had red and glassy eyes, refused to submit to field sobriety tests, swayed while standing still, had open containers of alcohol in his vehicle, and exhibited odd behavior); *Boyd v. State*, 259 Ga. App. 864, 865-866 (1), 866 (3) (578 SE2d 472) (2003) (driver's erratic driving through parking lot, his bloodshot eyes, and the odor of alcohol on his breath were signs of impaired driving ability). While Corbin testified to a different version of events, it was the exclusive role of the jury to assess witness credibility and "choose what evidence to believe and what to reject." *Lamb v. State*, 293 Ga. App. 65, 67 (666 SE2d 462) (2008).

2. While charging the jury, the trial court gave the following instruction that defined evidence generally:

> Evidence is the means by which any fact is either established or disproved. Evidence includes all the testimony from the witness stand. It would also include any exhibits[.] . . . It does not include the accusation, the plea of not guilty, the opening statements or the closing arguments of the lawyers, or even the questions of the lawyers for that matter. It's the answers from the witness stand.

The instruction was almost identical to the pattern instruction on the subject. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.30.10 (4th ed. 2007).[1] According to Corbin, the instruction that the questions of lawyers are not evidence was a

---

[1] The pattern instruction is as follows:
EVIDENCE; GENERALLY
Evidence is the means by which any fact that is put in issue is established or disproved. Evidence includes all of the testimony of the witnesses and the exhibits admitted during the trial. (It also includes any stipulations, which are facts agreed

misstatement of the law and was confusing in the context of cross-examination, where the questions often are leading and are intended to elicit a yes or no answer from the witness. As such, Corbin argues that the instruction "emasculated" the effectiveness of his cross-examination of the state's witnesses, thereby depriving him of his statutory and constitutional right to confront the witnesses against him. We are unpersuaded.

"The only requirement regarding jury charges is that the charges, as given, were correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence." (Punctuation and footnote omitted.) *Sims v. State*, 296 Ga. App. 461, 464 (3) (675 SE2d 241) (2009). The instruction that the questions posed by lawyers do not constitute evidence was an accurate statement of the law. See *Parmer v. State*, 236 Ga. 507, 507-508 (2) (224 SE2d 375) (1976) (approving of curative instruction in which court told jury that "the prosecuting attorney could not testify unless sworn as a witness" and that anything prosecutor might say while asking questions on cross-examination was not evidence); *Collier v. State*, 282 Ga. App. 605, 607 (639 SE2d 405) (2006) ("What lawyers say is not evidence, including what they may suggest in cross-examination of a witness."). Moreover, read as a whole, the jury instruction was not misleading and correctly drew the evidentiary distinction between the testimony of witnesses versus the statements made by lawyers throughout the trial. Accordingly, the trial court did not err in giving the instruction. See *Parker v. State*, 248 Ga. App. 748, 749-751 (2) (548 SE2d 634) (2001) (affirming trial court's use of jury instruction that explained that "[w]hat the lawyers say is not evidence" and that further illustrated this point through use of a hypothetical witness examination).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED AUGUST 31, 2010.

*Robert C. Rutledge*, for appellant.
*Leigh E. Patterson, District Attorney, Suhirjahaan S. Morehead, Assistant District Attorney*, for appellee.

---

to by the lawyers.) It does not include the indictment, the plea of not guilty, opening statements, or closing arguments by the lawyers, or the questions asked by the lawyers.
Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.30.10 (4th ed. 2007).