## A11A0132. RIVERA v. THE STATE.

(710 SE2d 694)

DOYLE, Judge.

Deborah Rivera appeals from her conviction for committing two counts of DUI (less safe)[1] and one count of failure to maintain her lane.[2] She contends that the evidence was insufficient to prove (1) that she was a less safe driver and (2) that venue was proper. Because the evidence authorized a rational trier of fact to conclude that Rivera was guilty and that venue was proper, we affirm.

When reviewing the sufficiency of the evidence,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[3]

So viewed, the evidence shows that while an officer was on patrol at approximately 9:00 p.m., he encountered an oncoming vehicle, driven by Rivera, crossing over the center line and forcing him off the road. By the time the officer was able to turn around and catch up to the vehicle to initiate a traffic stop, Rivera had already pulled over to speak to a second officer by the side of the road. The first officer listened to their conversation and did not investigate further, assuming that Rivera was lost and that her erratic driving was due to distraction while navigating. Shortly thereafter, when the first officer resumed his patrol, he again encountered Rivera one car

---

[1] OCGA § 40-6-391 (a) (2).

[2] OCGA § 40-6-48 (1).

[3] (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

ahead of him driving five to ten miles per hour below the posted speed limit, braking for no reason, and weaving in and out of her lane numerous times. Based on Rivera's continued dangerous driving, the officer initiated a traffic stop.

Despite the officer's direction to pull to the side of the road, Rivera stopped in the middle of the road. As the officer asked Rivera for her driver's license and proof of insurance, he noticed that her speech and movements were slow, she seemed unaware of food running down the front of her shirt, and she allowed her car to drift forward as they spoke, requiring the officer to tell her to put her foot on the brake and put the transmission in "park." The second officer soon arrived, and after Rivera admitted having taken ativan, the officer administered walk-and-turn and one-leg-stand field sobriety tests. Rivera exhibited clues of impairment on both tests, and she was arrested for DUI. She consented to a blood test, which returned positive results for lorazepam, zolpidem, and mirtazapine.

Rivera was charged with two counts of DUI (less safe) based on the lorazepam and zolpidem in her blood and one count of failure to maintain her lane. She was convicted on all three counts, giving rise to this appeal.

1. Rivera contends that the evidence was insufficient to show that she was less safe to drive due to the influence of drugs. We disagree.

OCGA § 40-6-391 (a) provides as follows: "A person shall not drive or be in actual physical control of any moving vehicle while: . . . (2) Under the influence of any drug to the extent that it is less safe for the person to drive." At trial, the evidence showed that Rivera tested positive for the presence of three prescription drugs shortly after she was seen driving erratically by the arresting officer. There was testimony that two of the drugs were central nervous system depressants and that the combination of all of the drugs would have an additive effect detrimental to safe driving. The arresting officer testified that Rivera's driving was unsafe in that she ran him off the road, repeatedly wove in and out of her lane, drove below the speed of traffic, stopped her car in the middle of the road, and failed to keep it from idling away as he spoke to her. Rivera's eyes appeared glassy, her speech and movements were slow, and she exhibited signs of impairment during each of two field sobriety tests designed to detect drug impairment. This evidence was sufficient to authorize a rational trier of fact that she was impaired due to the drugs in her system such that she was less safe to drive.[4]

---

[4] See *Duncan v. State*, 305 Ga. App. 268, 270 (1) (699 SE2d 341) (2010) ("In determining whether a driver is impaired by alcohol or other substances, the manner of his driving may be considered as a factor if there is evidence that he has consumed alcohol or drugs."); *Key v. State*, 289 Ga. App. 317, 322 (2) (657 SE2d 273) (2008) ("The testimony of a trained police

2. Rivera also contends that the evidence was insufficient to prove venue was proper in Jasper County, where she was tried. This is belied by the record, however, which contains repeated testimony from the arresting officer that he observed Rivera commit the offenses in Jasper County. Therefore, this enumeration is without merit.[5]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED MAY 9, 2011 — 

*Benjamin A. Davis, Jr.,* for appellant.
*Fredric D. Bright, District Attorney,* for appellee.

---

officer that an individual is impaired and a less safe driver, based on his observations at the scene, is admissible as direct evidence against the defendant."); *Walczak v. State,* 259 Ga. App. 140, 143 (2) (575 SE2d 906) (2003) ("Evidence as to the manner of driving may be taken into account where there is evidence that the defendant is DUI for the purpose of determining whether or not his manner of driving shows him to have been affected by the intoxicant to the extent that he drives less safely and carefully than he might otherwise have done.") (punctuation omitted).

[5] See *Corbin v. State,* 305 Ga. App. 768, 769 (1) (700 SE2d 868) (2010) ("The testimony of a single witness is generally sufficient to establish a fact.") (punctuation omitted; quoting OCGA § 24-4-8).