**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 9, 2015

# In the Court of Appeals of Georgia

A15A1142. JONES v. THE STATE.

ELLINGTON, Presiding Judge.

A Hall County jury found Brandon Jones guilty beyond a reasonable doubt of driving under the influence of a drug to the extent that it was less safe to drive, OCGA § 40-6-391 (a) (2); driving with a suspended license, OCGA § 40-5-121 (a); and failing to wear a seat belt, OCGA § 40-8-76.1 (b). Following the denial of his motion for a new trial, Jones appeals, challenging the sufficiency of the evidence as to Count 1 of the accusation, DUI. He also contends that Count 1 fails to charge him with any offense under Georgia law. For the reasons explained below, we affirm.

1. Jones contends that the only officer who observed him driving did not see any unsafe driving. In addition, he contends that, to the extent there was evidence that he was impaired to the extent he was a less safe driver, the evidence does not show

that the substance he ingested as "synthetic marijuana" had any effect on his ability to drive. As a result, he contends, the evidence was insufficient to sustain his conviction.

> On appeal from a criminal conviction, the appellate court
>
> view[s] the evidence in the light most favorable to the verdict[,] and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

Viewed in the light most favorable to the verdict, the record shows that, on July 4, 2012, a patrol officer observed Jones driving without a seat belt and initiated a traffic stop. Jones told the patrol officer that he was wearing his seat belt, although he was not; his speech was very slurred; and his movements were lethargic. A second officer arrived to help with the stop. That officer had extensive training in detecting impairment by alcohol and other drugs, including drugs that are classified as synthetic

2

marijuana. In addition, that officer was personally acquainted with Jones and had had the opportunity to observe Jones when he was sober. The second officer took over the DUI investigation.

The investigating officer observed that Jones was sweating heavily and speaking in a jittery manner. The officer asked Jones what drugs he had been using, and Jones responded that he had smoked synthetic marijuana and had taken his prescription Thorazine. Jones agreed to take field sobriety tests. The officer administered the horizontal gaze nystagmus test; that test specifies six possible clues (three types of movement, observed in each eye), and the officer observed all six. The officer testified that four or more clues indicates impairment. The officer tested for vertical gaze nystagmus and observed that vertical gaze nystagmus was present, which indicated that Jones had consumed a higher dose of an intoxicating drug than he was accustomed to take. The officer administered the walk-and-turn test, observing seven out of eight possible clues, and the one-leg-stand test, observing two out of four possible clues. In addition to administering these standardized tests, the officer observed Jones closely and saw that his carotid pulse was rapid and he was sweating profusely; his sense of the passage of time was abnormally fast; he displayed tremors in his eyelids; and he swayed and was unable to maintain his balance. Based on

Jones' performance on the field sobriety tests and his other observations about Jones' condition, the officer concluded that his motor coordination and ability to react to driving conditions were impaired and that he was under the influence of some drug to the extent it was less safe for him to drive.

The officer testified that the term "synthetic marijuana" is used to describe the result of a manufacturer spraying a psychoactive drug, such as a stimulant, a depressant, or a hallucinogen, on some leafy plant matter that can be smoked as the means of ingesting the drug. He also testified that Thorazine is a central nervous system depressant that can cause horizontal gaze nystagmus.

The offense of driving while under the influence to the extent that it is less safe to drive has three elements: "(1) driving, (2) under the influence of alcohol, (3) to the extent that it is less safe for the person to drive." (Footnote omitted.) *Lee v. State*, 280 Ga. App. 706, 707 (634 SE2d 837) (2006). The State is not required, however, to adduce evidence that the defendant "actually committed an unsafe act while driving[.]" Id. See also *Yglesia v. State*, 288 Ga. App. 217, 218 (653 SE2d 823) (2007) (accord); *Shaheed v. State*, 270 Ga. App. 709, 710 (1) (607 SE2d 897) (2004) (Proving that a driver is impaired to the extent that it is less safe for the person to drive "requires proof of impaired driving *ability*, but not an actual unsafe act.")

4

(punctuation and footnote omitted; emphasis supplied). There was ample evidence that Jones was driving while his ability to drive safely was impaired. To the extent Jones contends that the evidence was insufficient because there was no evidence that he committed an actual unsafe act while driving, this argument lacks merit.

Moreover, by Jones' own admission, he had smoked synthetic marijuana that day, and the State adduced evidence that, by smoking synthetic marijuana, Jones had ingested a psychoactive drug, although that drug was not identified. By Jones' admission, he had also taken another psychoactive drug, prescription Thorazine. OCGA § 40-6-391 (a) (2) does not require proof that the defendant had consumed an *illegal* drug. The offense may be established by showing that the defendant was driving while under the influence of "*any* drug to the extent it [was] unsafe for the person to drive." (Emphasis added.) Id.[1] In addition, the evidence may authorize a jury to find a defendant guilty beyond a reasonable doubt of driving under the influence of one drug specified in a DUI, less safe, accusation or indictment, even

---

[1] See OCGA § 40-6-391 (b) (A legal entitlement to use a drug is not a defense to DUI if the defendant "is rendered incapable of driving safely as a result of using a drug other than alcohol which such person is legally entitled to use."); *State v. Kachwalla*, 274 Ga. 886, 887 (561 SE2d 403) (2002) (A person may commit the offense of driving under the influence of a drug other than alcohol that the person is legally entitled to use, provided the person's use of the drug renders the person incapable of driving safely.).

when the evidence shows that the defendant had consumed drugs *in addition to* the specified drug. See *Rivera v. State*, 309 Ga. App. 544, 545 (1) (710 SE2d 694) (2011).[2] The evidence in this case authorized the jury to find Jones guilty of driving under the influence of a drug to the extent that it was less safe to drive. Id. See *Buchanan v. State*, 264 Ga. App. 148, 151 (2) (589 SE2d 876) (2003) (Because OCGA § 40-6-391 (a) (2) makes it unlawful to drive while under the influence of *any* drug, an accusation or indictment brought pursuant to that Code section need not name a particular drug.).

2. Jones contends that Count 1 of the accusation fails to charge him with any offense under Georgia law. Jones failed to include in his appellate brief a statement of the method by which this claim of error was preserved for consideration on appeal as required by Court of Appeals Rule 25 (a). A claim that a charging instrument fails to charge the defendant with any offense under Georgia law can be raised in a general

---

[2] In *Rivera v. State*, the indictment charged the defendant with DUI under OCGA § 40-6-391 (a) (2), specifically, driving under the influence of lorazepam and driving under the influence of zolpidem; the defendant admitted having taken lorazepam; an officer observed the defendant driving erratically and violating traffic laws; the defendant exhibited clues of impairment on field sobriety tests; and a blood test showed that she had ingested lorazepam, zolpidem, and mirtazapine. 309 Ga. App. at 544-545. We held that the evidence was sufficient to convict her of the two DUI counts. Id. at 545 (1).

demurrer[3] or a motion in arrest of judgment.[4] *Coleman v. State*, 318 Ga. App. 478, 479 (1) (735 SE2d 788) (2012). The record shows that Jones did not file a general demurrer before trial or a motion in arrest of judgment within the term of court in which judgment was entered. "The failure to file a general or special demurrer, or a timely motion in arrest of judgment, waives any claim that could have been raised in a general or special demurrer." *Coleman v. State*, 318 Ga. App. at 479 (1).

---

[3] A general demurrer challenges the validity of an indictment by asserting that the substance of the indictment is legally insufficient to charge any crime, and it should be granted only when an indictment is absolutely void in that it fails to charge the accused with any act made a crime by the law. Put another way, the true test of the sufficiency of an indictment to withstand a general demurrer is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective. If the indictment is fatally defective, the sufficiency of the indictment can be questioned by general demurrer or by motion in arrest of judgment.

(Citations and punctuation omitted.) *Poole v. State*, 326 Ga. App. 243, 247-248 (2) (a) (756 SE2d 322) (2014).

[4] When a judgment has been rendered, either party may move in arrest thereof for any defect not amendable which appears on the face of the record or pleadings. . . . A motion in arrest of judgment must be made during the term at which the judgment was obtained.

OCGA § 17-9-61.

Even if Jones could challenge the validity of the accusation on appeal, we see no fatal flaw in it. Count One accused Jones of committing the offense of driving under the influence of drugs to the extent it was less safe to drive because he "did drive a moving vehicle, while under the influence of a drug, to wit: synthetic marijuana, to the extent that it was less safe for him to drive." As the arresting officer explained, synthetic marijuana denotes, not a single chemical compound, but a category of drugs, with the common element that the drug is ingested by smoking leafy plant material sprayed with the drug. Jones could not admit the charge as made and still be innocent of violating OCGA § 40-6-391 (a) (2).

We note that Jones also contends that, while the accusation charged him with driving under the influence of synthetic marijuana, the evidence was fully consistent with the theory that his impairment actually resulted from his prescribed medication, Thorazine. This argument invokes the "fatal variance" argument he made in the trial court.

> [A] variance between the indictment and the evidence at trial is fatal if the allegations fail to meet these two tests: (1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not be taken by surprise by the evidence offered at trial, and (2) the allegations must be adequate to protect the accused against another prosecution for the same offense.

(Citations and punctuation omitted.) *In the Interest of J. H. M.*, 295 Ga. App. 483, 485 (672 SE2d 411) (2008). As explained in Division 1, supra, an accusation charging a violation of OCGA § 40-6-391 (a) (2) need not specify a particular drug responsible for impairing the defendant's ability to drive safely. Consequently, the "synthetic marijuana" detail incorporated into the accusation is "an unnecessary specification of a legally unnecessary fact." (Citation and punctuation omitted.) *In the Interest of J. H. M.*, 295 Ga. App. at 485 (1). Jones failed to show a fatal variance under the applicable standard. Id.

*Judgment affirmed. Dillard and McFadden, JJ., concur.*