**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 24, 2021**

# In the Court of Appeals of Georgia

A21A0580. SOLES v. THE STATE.

PIPKIN, Judge.

After a bench trial, Justice Michelle Soles was found guilty of driving under the combined influence of two or more substances to the extent that she was less safe to drive ("DUI"), driving the wrong way on a one way street, failure to display license plate, and failure to have license on person. In her single enumeration of error on appeal, Soles challenges the sufficiency of the evidence to support her conviction for DUI, arguing that the evidence was insufficient to support the DUI conviction. For the reasons explained below, we affirm.

When viewed in a light most favorable to the verdict,[1] the evidence presented below established as follows. On May 18, 2019, at approximately 12:40 a.m., a

---

[1] *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

trooper with the Georgia State Patrol observed Soles driving on Georgia Avenue without a license plate. Soles signaled and made a left turn, but ended up traveling the wrong direction on a clearly marked one way street. The trooper immediately initiated a traffic stop and made contact with Soles. The trooper observed that Soles had bloodshot, glassy eyes, the odor of an alcoholic beverage emanated from her breath, and her speech was slow. Soles indicted that she recently consumed one beer. The only field sobriety evaluation admitted at trial was the Horizontal Gaze Nystagmus (HGN), during which the trooper observed two of six possible clues. After conducting HGN, the trooper noticed that Soles had dilated pupils and marked reddening of the conjunctiva, and he began to suspect that Soles was primarily under the influence of a substance other than alcohol. The trooper questioned Soles about her drug use, and she admitted smoking a "bowl" of marijuana with a friend about 45 minutes earlier. When asked how high she felt on a scale of zero to ten, zero being not high at all and ten being "the highest she's ever been," Soles replied "like a three," and indicated that she would not have felt comfortable driving her children in her condition, having consumed marijuana and alcohol. The trooper testified that, based on his experience and observations at the scene, he believed Soles to be under the influence of marijuana and alcohol to the extent that she was a less safe driver.

The State presented testimony of two forensic toxicologists from the Georgia Bureau of Investigation ("GBI") Division of Forensic Sciences. Duriel McKinsey was responsible for the analysis of Soles' blood for the presence of alcohol, which was shown to be 0.023 grams per 100 milliliters of blood. Dr. Thao Dang reviewed and discussed the drug analysis which revealed 5.6 nanograms of delta-9-tetrahydrocannabinol ("THC"), the psychoactive ingredient in marijuana, per 100 milliliter of blood. Neither toxicologist provided an opinion that incorporated the results of the two blood tests. However, McKinsey testified generally concerning the combined effects of alcohol and marijuana on the human body, explaining that marijuana can operate as a central nervous system depressant and when combined with alcohol there can be an additive effect. Dang similarly testified that, generally speaking, combining alcohol with marijuana has an additive effect that would further impair a driver. Finally, Soles tendered as evidence a July 2017 National Highway Traffic Safety Administration ("NHTSA") document entitled "Marijuana-Impaired

Driving – A Report to Congress" ("NHTSA Report").[2]

Soles makes two main arguments on appeal. First she argues that the State failed to present toxicological evidence that the specific combination of alcohol and marijuana in her system rendered her less safe. She also argues that the witnesses' "generalized opinions" are not sufficient in light of the inference contained in OCGA § 40-6-392 (b) (1). We will address each of these contentions in turn.

> On appeal from a bench trial resulting in a criminal conviction, we view all evidence in the light most favorable to the trial court's verdict, and the defendant no longer enjoys the presumption of innocence. We do not re-weigh testimony, determine witness credibility, or address assertions of conflicting evidence; our role is to determine whether the evidence presented is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt.

(Citation omitted.) *Wimberly v. State*, 302 Ga. 321, 323 (1) (806 SE2d 599) (2017).

Soles was convicted of DUI less safe multiple substances under OCGA § 40-6-

---

[2] Because the NHTSA Report was admitted as an exhibit, Soles urges us to consider several portions of the report that discuss the combined effects of marijuana and alcohol. The State in its brief contends admission of this entire report was improper; however, the admissibility of this report is not properly before this Court. See OCGA §§ 5-6-40 and 5-7-1. Without addressing the propriety of the admission of the NHTSA Report as an exhibit we note that Soles' reliance on this document is somewhat misplaced, as it also contains conclusions that could be deemed to contradict her arguments.

391 (a) (4). "The offense of driving while under the influence to the extent that it is less safe to drive has three elements: (1) driving, (2) under the [combined] influence of alcohol [and any drug], (3) to the extent that it is less safe for the person to drive." (Citation and punctuation omitted.) *Jones v. State*, 332 Ga. App. 449, 450 (1) (773 SE2d 408) (2015). This offense does not require the State to produce evidence of a chemical analysis of a defendant's bodily substances, much less evidence that the specific concentration levels of the substances found in her system were impairing. See OCGA § 40-6-391 (a) (4); see also *Keef v. State*, 220 Ga. App. 134, 137 (1) (b) (469 SE2d 318) (1996) (recognizing that DUI less safe "does not require a certain amount of controlled substance to be shown").[3] While the State was required to show that Soles was rendered a less-safe driver as a result of the drugs and alcohol she ingested, *Jones*, 332 Ga. App. at 450, the combined result of the chemical analyses of Soles' blood for alcohol and THC was just one factor that could be considered by

---

[3] While *Keef* was decided under a prior version of Georgia's DUI statute, the language in the statute today remains substantially similar to the code section applicable here. OCGA § 40-6-391 (a) (3) (1992) provided, "[a] person shall not drive or be in actual physical control of any moving vehicle while . . . [u]nder the combined influence of alcohol and any drug to the extent that it is less safe for the person to drive.

5

the factfinder in determining whether she was a less safe driver. See *Webb v. State*, 277 Ga. App. 355, 358 (1) (626 SE2d 545) (2006).

Soles also urges this Court to find that the opinion testimony that she was less safe lacks evidentiary support in light of her blood alcohol concentration and the inference afforded by OCGA § 40-6-392 (b)(1),[4] the video evidence, and the NHTSA Report. This argument ignores the fact that this Court does not re-weigh evidence. Under OCGA § 40-6-392 (b) (1), a trier of fact is authorized, *but not required*, to presume that a defendant was not under the influence of alcohol if chemical analysis shows alcohol concentration of 0.05 grams or less. The trooper had the opportunity to observe Soles prior to her arrest, and he opined that she was less safe to drive.

---

[4] OCGA § 40-6-392 (b) (1) provides, in relevant part,

upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person in violation of Code Section 40-6-391, the amount of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's blood . . . may give rise to inferences as follows:

If there was at that time an alcohol concentration of 0.05 grams or less, the trier of fact in its discretion may infer therefrom that the person was not under the influence of alcohol, as prohibited by paragraphs (1) and (4) of subsection (a) of Code Section 40-6-391[.]

*Jaffray v. State*, 306 Ga. App. 469, 471 (1) (702 SE2d 742) (2010) ("A police officer may give opinion testimony as to the state of sobriety of a DUI suspect and whether he was under the influence to the extent it made him less safe to drive.") (citation and punctuation omitted). The trial court expressly noted that it considered the testimony of the trooper as well as the video evidence. And while the NHTSA report includes some equivocal statements on impaired driving based on marijuana ingestion,[5] it is clear from the trial court's oral pronouncement and written verdict that it weighed this evidence in deciding Soles' guilt.[6] "The fact that the [factfinder] resolved the conflicts

---

[5] In addition to the excerpts identified by Soles in her brief, the NHTSA Report also discussed studies and findings that are either consistent with the testimony presented by the State's witnesses or detrimental to her argument. For example, when discussing a study on the effects of marijuana use on driving proficiency, the report states: "One of the effects of marijuana use was to cause an increase in the variability of [subject motorists] vehicle's lane position (the ability to stay in the center of the lane). Both alcohol and marijuana alone increased lane position variability and when combined the effects were additive." The report also notes that"[s]ome studies have reported increased impairment on driving related skills when subjects are dosed on both alcohol and marijuana." See *O'Connell v. State*, 285 Ga. App. 835, 837 (1) (a) (648 SE2d 147) (2007) ("[W]hen the trier of fact *rejects* an alternative hypothesis in favor of the State's evidence of guilt, this Court is not authorized to reweigh the evidence, and we will not reverse unless the verdict of guilty is unsupportable as a matter of law.") (citation and punctuation omitted).

[6] When explaining its decision, the trial court specifically referenced the NHTSA Report, indicating that Soles would have had "about a 20 percent impairment. So that's consistent with my finding, plus that would be combined with the alcohol and be a more significant impairment."

7

in the evidence or the credibility of the witnesses adversely to [Soles] does not render the evidence insufficient." (Citation and punctuation omitted.) *Bullard v. State*, 307 Ga. 482, 485 (1) (837 SE2d 348) (2019).

Here, the evidence included the less safe act of driving the wrong way on a one way street, which the trial court expressly found to be evidence of impairment; physical manifestations of impairment including slow speech, red, glassy eyes, marked reddening of the conjunctiva and dilated pupils; Soles' admission that she recently consumed a beer and smoked marijuana 45 minutes before the stop; testimony from the trooper that he believed Soles to be less safe due to the combined influence of marijuana and alcohol; the testimony of the GBI toxicologists as to Soles' blood test results and the possible effects of marijuana ingestion and the additive effect of introducing alcohol. This evidence combined with Soles' own statements regarding her level of intoxication is sufficient to authorize a rational trier of fact to find that she was less safe to drive due to the marijuana and alcohol she consumed. See *Riviera v. State*, 309 Ga. App. 544, 545 (1) (710 SE2d 694) (2011) (testimony that the drugs found in Riviera's system would have an additive effect, detrimental to driving in conjunction with evidence of poor driving and physical manifestations was sufficient to support DUI drugs conviction). Compare *Head v.*

*State*, 303 Ga. App 475, 476-477 (1) (693 SE2d 845) (2010) (evidence insufficient to support DUI less safe when defendant was not the at-fault driver in a collision and toxicology evidence merely showed the presence of alprazolam and a cocaine metabolite in defendant's blood).

*Judgment affirmed. Miller, P. J., and Hodges, J., concur.*